HARVEY, Receiver, etc., v. LORD.

*(Circuit Court, N. D. Illinois.* January 4, 1882.)

1. NATIONAL BANKS — VOLUNTARY LIQUIDATION—CREDITOR'S BILL—VEXATIOUS LITIGATION—PLEA IN ABATEMENT.

A creditor's bill was filed against a national bank, before the passage of the act of congress of June 30, 1876, (19 St. at Large, 63,) and a receiver was appointed, who took possession of the property of the bank. An amended bill was filed in the cause, after the passage of that act, to secure the benefits of the act, to which all the stockholders were made parties. Subsequently the comptroller of the currency appointed a receiver to wind up the affairs of the bank, and this suit was brought by him against one of the stockholders. *Held*, on demurrer to a plea in abatement, which set forth these facts, that the defendant is entitled to judgment on the ground that, as the stockholder's liability can be completely enforced in the suit in equity, the general rule applies that a debtor shall not be vexed by two suits in the same jurisdiction for the same cause of action.

2. SAME—AUTHORITY OF COMPTROLLER OF CURRENCY—VOLUNTARY LIQUIDATION —RECEIVERS.

Whether the comptroller of the currency is authorized to appoint a receiver for a national bank, which is in voluntary liquidation, after a court of competent jurisdiction has appointed a receiver and instituted proceedings under a creditor's bill to enforce the liability of the stockholders, *quære.*

On Demurrer to a Plea in Abatement.

*Mason & Mason,* for plaintiff.

*F. H. Kales* and *H. B. Hurd,* for defendant.

BLODGETT, D. J. This a suit at law brought by Harvey, as receiver of the Manufacturers' National Bank of Chicago, against Thomas Lord, to enforce his liability as a stockholder of the bank. To this suit the defendant has pleaded in abatement that on the third day of February, 1875, one James Irons, who was then a judgment creditor of the

Manufacturers' National Bank, filed in this court a creditor's bill to enforce payment of his judgment; that such proceedings were taken in the case that Joel D. Harvey was appointed receiver of all the property and effects of the bank, and entered upon the discharge of the duties of his office and took possession of the property of the bank; that afterwards, on the fifth of October, 1876, an amended bill was filed in said cause, to which all the stockholders of the bank were made parties, by which the complainant sought, in behalf of himself and all other creditors, to enforce the liability of the stockholders of the bank for the purpose of discharging the indebtedness of the bank; that the defendant in this suit, as one of the stockholders of the bank, was made a party to the Irons suit; that said suit in chancery is still pending, and this suit at law is brought for the same cause, and to enforce the same liability, which the creditor's bill by Irons seeks to enforce as against this defendant; and therefore he prays an abatement of this suit.

At the time the original bill was filed by Irons there was no express provision in the national banking law for the enforcement of a stockholder's liability by the machinery of a creditor's bill, and the supreme court, in *Kennedy* v. *Gibson,* 8 Wall. 498, had decided that the stockholder's liability could only be enforced through a receiver appointed by the comptroller of the currency. But on June 30, 1876, congress passed an act amendatory of the national banking law which provided by the second section as follows:

"When any national banking association shall have gone into liquidation under the provisions of section 5220 of said statute, the individual liability of the shareholder provided for by section 5151 of the said statute may be enforced by any creditor of such association, by bill in equity in the nature of a creditor's bill brought by such creditor on behalf of himself and all other creditors of the association against the shareholders thereof in any court of the United States having original jurisdiction in equity for the district in which said association may be located or established."

The amended and supplemental bill was filed by Irons after the passage of this amendment, and was intended to bring all the stockholders of the Manufacturers' National Bank before the court, and to enforce their liability through the agency of the receiver appointed by the court in that case. This defendant is a party to and has answered in that suit. About a year ago, and long after the amended and supplemental bill of Irons was filed, the comptroller of the currency appointed a receiver to wind up the affairs of this bank, and named the same person whom this court had appointed in the Irons

suit, and under that appointment, acting under the advice of counsel, he has brought suits at law against the stockholders. The only question is whether the suit which had been brought by Irons, and which had been amended to adapt it to the provisions of the act of June 30, 1876, can be pleaded in abatement to this suit at law which has been instituted by the receiver under the authority or sanction of the comptroller. After the filing of the original Irons bill the powers of the court under such a bill were materially enlarged by the act of congress just quoted. That bill was pending when this law took effect, and Irons undoubtedly had the right by amendment to make a case which would enable the court to administer these enlarged powers with which it had been clothed *pendente lite*. Story, Eq. Pl. 336; *Mix* v. *Beach*, 46 Ill. 311.

It seems to me that there is no room to doubt that this stockholder's liability can be completely enforced in the Irons case; and if it can, then I see no reason why the general rule that a debtor shall not be vexed by two suits in the same jurisdiction for the same cause of action is not clearly applicable. I may also say in the same connection that I have great doubts whether the comptroller had any authority to appoint a receiver for a bank which was in voluntary liquidation, after the court had appointed a receiver and taken steps under a creditor's bill to enforce the stockholders' liability. The statute gives the comptroller authority to appoint a receiver in certain cases, and then in another section of the same statute provides expressly, where a bank has gone into voluntary liquidation and is in process of winding up its affairs, any creditor may enforce the liability of the stockholder by a creditor's bill; and if the comptroller had not acted and appointed a receiver for the purpose of enforcing the stockholders' liability, I have no doubt but what the action of the court supersedes the right of the comptroller to act in the premises, and gives the authority solely to the court to enforce the individual liability of the stockholders.

It cannot, I think, be maintained that congress intended by the act of June 30, 1876, to leave the comptroller any authority over the assets of a national bank which has gone into voluntary liquidation under section 5220, after a court of competent jurisdiction had, under a creditor's bill, appointed a receiver and taken possession of the assets, and initiated proceedings to enforce the liability of stockholders, because that would bring about a conflict between the officers of the court and those of the comptroller. The grant of power to enforce the liability of the stockholders is plenary and ample, and I

see no need for any function of the comptroller when the affairs of the bank are once properly in the hands of the court.

The demurrer to the plea in abatement is overruled, and judgment rendered on the demurrer.