ELMER E. SPENCER ET AL. V. JOHN R. JOHNSTON.

FILED FEBRUARY 23, 1899. No. 8745.

1. **Set-Off: Judgment: Supersedeas.** A judgment which has been superseded and is pending for review in an appellate court cannot be pleaded as a set-off in another action between the same parties.

2. ———: **Proper Subjects.** In the absence of equitable considerations a defendant can only plead as a set-off a claim or judgment upon which, at the commencement of the action, he might have maintained an independent suit against the plaintiff.

3. **Plea in Abatement.** The pendency of a former action for the same cause, between the same parties and in the same court, constitutes a good plea in abatement.

4. **Fraud: Pleading.** In an action on a note the answer alleged that part of the consideration was corporate stock sold and transferred to the defendant by one who held it in trust for the plaintiff, and that such stock was worthless. It was also alleged that on a former occasion the plaintiff had induced the defendant to purchase of him other stock of the same corporation by fraudulent representations as to its value. *Held,* That the answer did not charge actionable fraud in the sale of the trust stock, and failed in this respect to state a defense.

5. **New Trial: Joint Motion.** Where parties jointly move for a new trial or for the reversal of a judgment rendered against them, the court will not sever their interests, but will deny the motion or petition unless all who unite therein are entitled to the relief demanded.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*F. I. Foss* and *W. R. Matson,* for plaintiffs in error:

The fact that E. E. Spencer had already obtained judgment should not interfere with his pleading that judgment in set-off. (*Gaddis v. Leeson,* 55 Ill. 522; *King v. Bradley,* 44 Ill. 342; *Baskerville v. Brown,* Burr [Eng.]

1229; *Clayes v. White*, 65 Ill. 357; 1 Sutherland, Damages [ed. of 1882] 299; *Miller v. Hyde*, 37 N. E. Rep. [Mass.] 760.)

The supersedeas in the former case, and the suit pending in the supreme court, do not prevent the set-off. (*Gunn v. Todd*, 21 Mo. 303; *Wiltsie v. Northam*, 3 Bosw. [N. Y.] 162; *Good v. Good*, 5 Watts [Pa.] 116; *Sargent v. Southgate*, 16 Am. Dec. [Mass.] 409; *Lindsay v. Stewart*, 72 Cal. 540; *Willard v. Fox*, 18 Johns. [N. Y.] 497; *King v. Bradley*, 44 Ill. 342; *Sandel v. George*, 18 La. Ann. 526; *Richardson v. Doty*, 44 Neb. 73; *Burge v. Gandy*, 41 Neb. 149; *Simpson v. Jennings*, 15 Neb. 671; *Taylor v. Root*, 4 Keyes [N. Y.] 335; *Clark v. Story*, 29 Barb. [N. Y.] 295; *Badlam v. Springsteen*, 41 Hun [N. Y.] 160.)

*Sawyer & Snell, contra:*

There was another suit pending. (*Brasch v. Brasch*, 50 Neb. 75; *Demond v. Crary*, 1 Fed. Rep. 480; *Frettretch v. McKay*, 47 N. Y. 426; *Ansorge v. Kaiser*, 3 N. Y. Supp. 785; *Naylor v. Schenck*, 3 E. D. Smith [N. Y.] 137; *Jennings v. Warnock*, 37 Ia. 278.)

Former judgment cannot be used as a set-off. (*Tessier v. Englehardt*, 18 Neb. 172; *Welton v. Beltezore*, 17 Neb. 399.)

SULLIVAN, J.

In September, 1886, John R. Johnston and George D. Stevens sold to Elmer E. Spencer eleven shares of the stock of the Crete Globe Publishing Company for the sum of $1,000. No part of the purchase price was paid in cash, but in lieu thereof the vendors accepted a note signed by Elmer E. Spencer as principal and his father, J. G. Spencer, as surety. In the following December, in order to obtain a controlling interest in the company, Mr. Spencer was induced to buy of one J. W. Craig seven more shares of stock, for which he gave $400 in cash and a promissory note for $200. Both of the Spencer notes were transferred to the State Bank of Crete, of which

institution Johnston was president and Stevens cashier. These notes being past due were renewed on March 22, 1888, by the Spencers executing a new note for $1,200. Afterwards the bank failed, and its assets being offered for sale by the receiver under the direction of the court, Johnston bought the Spencer note and thereupon brought this action to enforce payment. The defenses presented by the answer are: (1) That the sale of the eleven shares of stock was effected by fraud and misrepresentation with respect to the affairs of the Globe Publishing Company, and the value of the stock; (2) that the defendant Elmer E. Spencer had recovered against the plaintiff and George D. Stevens a judgment which ought to be set off against the note in suit; and (3) that the Craig stock was really owned by the plaintiff and Stevens, and that by reason of the fraud and false representations made by them the $400 paid in the transaction should be allowed as a counter-claim, and that there should be no recovery for the $200 remaining unpaid. The reply alleges that the fraud and false representations mentioned in the answer were made the basis of an action brought by Elmer E. Spencer against Johnston and Stevens; that said action was tried in the district court of Lancaster county and resulted in the judgment referred to in the answer; that such judgment has been superseded and that the action is now pending and undetermined in the supreme court. To the counter-claim based upon the Craig transaction the plaintiff pleaded the statute of limitations. Upon these pleadings the cause was tried to a jury who, in obedience to a peremptory instruction of the court, returned a verdict in favor of the plaintiff for the amount due on the note according to its terms. To obtain a reversal of the judgment rendered on the verdict the defendants file in this court a petition in error containing many assignments. Some of these we now proceed to consider.

There is no dispute about the facts. Elmer E. Spencer sued Johnston and Stevens and recovered against them

a judgment for fraud and misrepresentation in the sale of eleven shares of the stock of the Globe Publishing Company. The judgment was superseded and the cause was pending in this court at the time of the trial of this action in the district court. That judgment and the facts upon which it rests were offered in this case to defeat a recovery on the note. It will be convenient to inquire, first, whether the judgment was a proper matter of set-off. Of course the action was, as counsel contend, an action on contract; but the judgment pleaded was not enforceable either at the time the answer was filed or when the cause was tried. Its lawfulness was denied and its right to exist was being litigated in another court. An undertaking in conformity with the statute had been given to prevent its enforcement. The law gives a defeated litigant the right to prevent his adversary from executing the judgment until the cause can be heard in a reviewing court. By giving the statutory undertaking the judgment debtor obtains a respite until the lawfulness of the judgment against him is finally determined. The remedy would be a barren one if it were permissible to execute the judgment by pleading it as a set-off or making it the basis of a fresh action. The object of giving the bond is to supersede the judgment—to render it unenforceable by judicial process or otherwise. The owner of the judgment, having ample security, can afford to wait. He has no right to make a judgment which is possibly illegal the foundation of a judgment in another case which, on the face of the record therein, would be regular and valid. Except as provided in section 591 of the Code of Civil Procedure, there is no authority for collecting a judgment which is pending for review in an appellate court, and which has been superseded in the manner prescribed by the statute. In 1 Ency. Pl. & Pr. 756 the rule is stated as follows: "The pendency of a writ of error or an appeal from a judgment in a former suit, where it operates ʻ ʻ a supersedeas, may be pleaded in abatement of a subsequent suit between the same parties for the same subject-matter."

There is another reason why the judgment could not be used as a set-off. It was not in existence when this action was commenced. It has been frequently held by this court that a claim which a defendant may properly set off must be one upon which he could have sued the plaintiff at the time the plaintiff sued him. (*Simpson v. Jennings*, 15 Neb. 671; *Tessier v. Engelhardt*, 18 Neb. 167; *Burge v. Gandy*, 41 Neb. 149.)

The next question argued by the defendants is their right to present as a defense to this action the facts alleged in the petition in the case wherein Elmer E. Spencer recovered judgment against Johnston and Stevens. We think the right did not exist. Those facts were once submitted for judicial investigation in an action between the same parties, the jury made its finding in regard to them, and the court rendered judgment accordingly. There ought to be an end to litigation. No man ought to be twice vexed with the same controversy. Considerations of public policy forbid the maintenance of an origi-nal action or a cross-action upon a matter, between the same parties, which has been already tried and adjudi-cated. Indeed, the mere pendency of the action in Lan-caster county, without judgment, would constitute a good and sufficient plea in abatement. (*Monroe v. Reid*, 46 Neb. 316; *State v. North Lincoln Street R. Co.*, 34 Neb. 634; *Demond v. Crary*, 1 Fed. Rep. 480; *Beyersdorf v. Sump*, 39 Minn. 495, 41 N. W. Rep. 101.)

In regard to the purchase of the Craig stock it is suffi-cient to say that the facts pleaded fall far short of charg-ing actionable fraud. It is not alleged that the purchase was induced by the representations made by Johnston and Stevens in September, 1886. Neither is it averred that Spencer was at the time of the purchase ignorant of the value of the stock of the Globe Publishing Com-pany or of the condition of its financial affairs. Without these elements this branch of the answer is palpably de-fective.

It is finally asserted that J. G. Spencer, not being a

party to the suit in Lancaster county, is not affected by
the pendency of that action or by the judgment rendered
therein.   Both defendants joined in the motion for a new
trial filed in the district court, and they join in the peti-
tion in error filed here.   On the authority of repeated de-
cisions we are constrained to hold, under these circum-
stances, that an affirmance of the judgment as to one
requires an affirmance as to both.   (*Knight v. Darby*, 55
Neb. 16.)

                                          AFFIRMED.