Flaxel v. Flaxel.

MATHILDA FLAXEL, APPELLEE, V. FRANK FLAXEL, APPEL-
LANT.

FILED NOVEMBER 17, 1917.   No. 19689.

1. **Divorce:** PLEA IN ABATEMENT. In an action for divorce the de-
fendant may plead in abatement another action pending in a
court of competent jurisdiction between the same parties and for
the same cause, and when so pleaded the court has jurisdiction
to try and determine that issue.

2. ————: ————: FAILURE TO PLEAD. If the husband, as defendant
in such action, fails to so plead the former action, and fails to
answer or defend against a motion for suit money of which he
has due notice in the second action, a final order of the court
for the payment of a necessary and reasonable amount as suit
money will not be reversed upon appeal.

APPEAL from the district court for Platte county:
GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Lowell L. Walker* and *C. N. McElfresh,* for appellant.

*Albert & Wagner, contra.*

SEDGWICK, J.

The plaintiff began this action for divorce and alimony
on the 8th day of May, 1915, in the district court for
Platte county. Summons was issued to the sheriff of But-
ler county, where the defendant resided, and was served
on the defendant on the 12th day of May, 1915. Also on
the 12th day of May the plaintiff caused to be served upon
the defendant a notice of the filing of her petition, and
that on the 22d day of that month she would apply to the
district court for Platte county for an order for temporary
alimony and suit money in said cause. The application
for alimony and suit money was heard on the 29th day of
May, and the court ordered that the defendant pay the
plaintiff the sum of $50 for suit money, and the further
sum of $15 a month for maintenance, "payable June 1,
and on the 1st of each succeeding month, during the pen-
dency of this action." Afterwards on the 3d day of June,

the defendant filed in this case a paper which he styled "Special Appearance of Defendant." This paper was duly verified, and alleged that he had begun, on the 19th day of April, 1915, an action in the district court for Butler county against the plaintiff herein for a divorce, and that the plaintiff, as defendant in that action had entered her voluntary appearance therein, and that on the next day the plaintiff and defendant entered into a written agreement whereby it was agreed that this plaintiff, as defendant in that action, should be paid by the plaintiff therein, "in full of any and all allowances, suit money and alimony, the sum of $125," and that on the 26th day of June, 1915, he paid to the plaintiff the sum of $100, being the balance in full of the said $125 agreed upon; $25 thereof having been before that time paid. In his so-called special appearance he asked that this action in Platte county be dismissed, and that the order made therein for suit money and temporary alimony be set aside. The court treated this paper as a "special appearance and plea in bar," and dismissed this action, and modified the order for temporary alimony, but refused to vacate the order for the payment of $50 suit money. The defendant has appealed, and now insists that the order for suit money was without jurisdiction and should be reversed.

When two actions are pending in different courts of competent jurisdiction between the same parties and for the same cause, the pendency of the first action will be sufficient ground for a plea in abatement to the second action, and if final judgment is entered upon the merits in the first action, such judgment will be a bar to further proceedings in the second action. The pendency of the first action is a fact which may be pleaded in bar or in abatement to the second action, and when so pleaded the court has jurisdiction to try and determine that issue. It cannot therefore be said that the court did not have jurisdiction to enter the order for suit money upon motion and due notice to the defendant. He suggests that, if the court in one county has jurisdiction to entertain an action where another action between the same parties and for the same

cause is pending in another county, this plaintiff "might have gone into each and every judicial district in the state of Nebraska and repeated the performance." But the law does not allow such vexatious litigation, and furnishes ample remedies if it is attempted.

When the defendant was served with summons and notice of the motion for alimony and suit money in this case, he failed to inform the court of the pendency of a prior action, but, instead, undertook to obtain a judgment in his prior action before the court in Platte county should be aware of the existence of such action. He seems to have had the mistaken notion that, if he obtained a decree in Butler county before any final decree was entered in this action in Platte county, the court in this action would be without jurisdiction from the beginning. If he had defended against the motion for alimony and suit money in this case, and had made it appear to the trial court that this plaintiff was not acting in good faith in the matter, and that he had paid, or was ready to pay, suit money and alimony in his action pending in Butler county, the trial court undoubtedly would have refused to enter any order for alimony and suit money in this case. There is no doubt of the jurisdiction of the court at the time that the order for alimony and suit money was made to enter such order, and, as the case then appeared upon the record, it was a suitable and proper order to make. It was this defendant's own fault that made such order necessary, and he is not entitled to have it set aside. The trial court apparently modified its former order, and in the final order adhered to its former decree only so far as it required the payment of $50 suit money, which was entirely justified by the record herein.

The judgment of the district court is

AFFIRMED.