## HARRISON v. WASHINGTON LOAN & TRUST CO.

(Court of Appeals of District of Columbia. Submitted March 6, 1919. Decided May 5, 1919.)

No. 3195.

1. COURTS ⬦37(3)—JURISDICTION—TRUSTEES—WAIVER OF OBJECTIONS.

   Although a will was probated in Pennsylvania, the District of Columbia Supreme Court has jurisdiction to relieve a trustee under the will and substitute another for him, so as to bind a beneficiary of the trust, who, without objection, submitted to the court's jurisdiction and participated in the suit.

2. COURTS ⬦351½—FEDERAL COURT—DISMISSAL—PENDING ACTION.

   Under equity rule 29 of the United States Supreme Court (33 Sup. Ct. xxvi, 226 U. S. 656), specifying how defenses shall be presented, a bill showing upon its face that another suit is pending involving the same subject-matter may be dismissed upon motion.

3. ABATEMENT AND REVIVAL ⬦8(5)—TRUST—PENDING SUIT.

   Where the District of Columbia Supreme Court, on a bill filed therein, relieved a trustee under a will probated in Pennsylvania and appointed another trustee, a subsequent bill seeking to have the decree set aside as void, charging the substituted trustee with mismanagement, and showing complainant's participation in the first suit, will be dismissed upon ground that all rights asserted might be adjudged in the first suit.

Appeal from the Supreme Court of the District of Columbia.

Bill by Mary M. Harrison against the Washington Loan & Trust Company, trustee. From a judgment dismissing the bill, plaintiff appeals. Affirmed.

George F. Curtis, of Washington, D. C., for appellant.

Arthur Peter, of Washington, D. C., for appellee.

SMYTH, Chief Justice. Edmund C. Bittinger died testate in Philadelphia in 1889, leaving an estate, consisting largely of personal property, to his executors in trust for the benefit of certain persons, among them Mrs. Daniel O. Munson, mother of the appellant. His brother, Benjamin F. Bittinger, was one of the executors named in the will, but, owing to the fact that the others declined to act, he became sole executor. The will in due time was admitted to probate in the orphans' court for Philadelphia county, Pa., and letters testamentary were granted to Mr. Bittinger. How long he served in the dual capacity of executor and trustee does not appear, but in 1897 he, being a resident of this District, filed a bill in the Supreme Court of the District, asking for an accounting of his trust, that he be discharged as trustee, and some one else substituted for him. To this bill he made parties all the beneficiaries under the will, some of whom, including the appellant, resided here. The court granted the prayer of the bill, and substituted the appellee for Bittinger. Appellant says she "consented that a trustee should be substituted in the place of Benjamin F. Bittinger," but "did not consent" to the appointment of the appellee. Having qualified as trustee, the appellee entered upon the discharge of its duties in 1897 and has continued therein ever since. Until 1914 it

paid to Mrs. Munson what was coming to her from time to time out of the estate, and since then, she having died in that year, her share has been paid to the appellant.

The court in 1917, at the request of the appellee, referred its accounts to the auditor of the court for a statement. To this appellant objected on the ground that the court was without jurisdiction to do so, and soon thereafter instituted this suit. By her bill she discloses fully the pendency of the other suit and her participation in it, and asks that the decree in that suit be declared null and void, on the ground that the court was without jurisdiction to render it, and in addition prays for various forms of relief against the appellee, alleging that it has not managed wisely the trust committed to its care. The appellee filed a motion to dismiss the suit, because, as stated, it appeared upon the face of the bill that another suit was pending for the same things, the plaintiff was bound by the decree in that suit, and for other reasons. The motion was sustained, and the bill dismissed.

[1] In the brief the question of jurisdiction only was argued, but we shall consider all the questions necessary to a full disposition of the case. The Supreme Court of the District of Columbia has jurisdiction to relieve a trustee of his charge and substitute another for him. This, as we understand it, is not denied by the appellant. The court, then, had jurisdiction of the subject-matter of the first suit. It had also jurisdiction of the appellant, for she was a party to the suit, and, as we have already seen, appeared therein and consented that a trustee should be substituted for Mr. Bittinger. The court having jurisdiction of the subject-matter and also of the person of the appellant, her contention upon that point has no merit, and must be rejected.

Appellant urges that the state of Pennsylvania had exclusive jurisdiction in the matter of the probate of the estate of her testator, Edmund C. Bittinger. This may be conceded, but it in no wise affects the question before us. Counsel confuses the administration of the estate with the trusteeship. The Supreme Court of this District did not attempt by its decree to interfere with the administration of the estate by the courts of Pennsylvania. It in no way assumed to pass upon the rights or obligations of Bittinger, the executor. Its decree related to him as trustee only—something entirely apart from his obligations to the Pennsylvania court as an executor. Here lies the distinction between the principle announced in the cases cited by appellant, to the effect that a state has exclusive jurisdiction in the matter of probate of the estates of its citizens dying within its borders and leaving property therein to be administered, and the case at bar. The question here is whether the Supreme Court of this District had jurisdiction to relieve a trustee of his charge and substitute another one for him, so as to bind a beneficiary of the trust, who without objection submitted to the jurisdiction of the court and participated in the suit. We have no doubt of its authority to do so. Johns v. Herbert, 2 App. D. C. 485, 496; Massie v. Watts, 6 Cranch, 148, 160, 3 L. Ed. 181.

[2, 3] But this question and the others raised are all involved, as the bill shows, in the prior suit between the same parties, and could have been disposed of there without resorting to this one. Under the old

practice this was a sufficient ground for a plea in abatement. Express Co. v. Burdette, 7 App. D. C. 551, 560; Renner & Bussard v. Marshall, 1 Wheat. 215, 216 (4 L. Ed. 74); Spencer v. Johnston, 58 Neb. 44, 78 N. W. 482; Harvey v. Lord (C. C.) 10 Fed. 236. In the Renner Case Mr Justice Story said:

"A subsequent suit may be abated, by an' allegation of the pendency of a prior suit."

This principle is general, if not universal. Under equity rule 29 of the Supreme Court of the United States (226 U. S. 656, 33 Sup. Ct. xxvi) it is provided that any infirmity of this character, when it appears on the face of the bill, may be taken advantage of by a motion to dismiss, as was done in this case. Since every right asserted against the appellee in the instant suit with respect to its management of the estate may be judged in the first suit, the maintenance of this suit would result in an annoying duplication of actions, and will not be permitted by the law.

The judgment of the lower court is affirmed, with costs.
Affirmed.