Stearns v. Nebraska Building & Investment Co.

---

MYRTLE M. STEARNS, APPELLEE, V. NEBRASKA BUILDING & INVESTMENT COMPANY, APPELLANT: F. B. BAYLOR, TRUSTEE, INTERVENER.

FILED FEBRUARY 15, 1923.   No. 22170.

1. **Abatement.** Where a suit is pending and undertimined in the district court and afterward another suit is commenced in the same court, which purports to be a plea in abatement of the former suit, and wherein neither the parties nor the causes of action are the same as in the former suit, such action does not constitute a good plea in abatement.

2. **Judgment: RES JUDICATA.** The defendant in this action filed an answer and cross-petition, in a former suit begun by plaintiff herein, and recovered a judgment on its counterclaim. At the trial of the former case plaintiff introduced no evidence and, before defendant

recovered its judgment, and presumably before final submission, caused the suit to be dismissed without prejudice to a new action. Subsequently plaintiff began this suit against the same defendant pleading the same cause of action here which was pleaded in the former action. Defendant filed a plea in bar of the plaintiff's present suit pleading *res judicata. Held.* that plaintiff had a lawful right to prosecute the present action to judgment, and that the court did not err in denying defendants plea in bar.

3. **Corporations:** ACTION FOR COMMISSIONS: DEFENSES. Where an action is begun against a defendant corporation to enforce the payment of commissions, which it is alleged were agreed to be paid to plaintiff under a verbal contract, and claimed to be due plaintiff for procuring the sale of the defendant corporation's stock, it is no defense to the action that defendant's sales agents, other than plaintiff, effected such sales by alleged fraudulent representations of value made to the purchasers, the plaintiff not being a party to the alleged false representations, and it being neither charged nor proved that plaintiff had knowledge thereof at the time.

4. **Contracts:** ACTION: DEFENSES: Want of mutuality is no defense in an action to recover for services under a verbal contract where a party, at the time of entering into the contract to render the contemplated services, was not legally bound to perform, but subsequently did perform all of the conditions of the contract and thereby came clearly within its terms. *Bigler v. Baker,* 40 Neb. 325.

5. **Appeal:** AFFIRMANCE. The verdict of the jury, as the triers of questions of fact, will not be disturbed when there is sufficient competent evidence to support such verdict.

6. **Evidence** examined, and *held* that the verdict is supported by the evidence.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Doyle, Halligan & Doyle,* and *Good & Good,* for appellant.

*Hainer & Flansburg, Fred C. Foster* and *Otto K. Perrin, contra.*

*Johnson, Moorhead & Rine,* for intervener.

Heard before MORRISSEY, C. J., LETTON, ALDRICH and DEAN, JJ., REDICK, District Judge.

DEAN, J.

This suit was brought to enforce the collection of certain commissions alleged to be due plaintiff on what is termed an exclusive agency contract for the sale of certain capital stock of the defendant company. The jury found plaintiff was entitled to $5,212.05, less $1,437.60, that being a counterclaim of defendant's, leaving a balance of $3,774.45, for which plaintiff recovered a verdict and judgment. Defendant appealed.

The contract was verbal, and, it is alleged that it was entered into November 10, 1917; that under the contract plaintiff was to and did sell or caused the sale of, capital stock of the defendant company in territory adjacent to the village of Raymond; that her commission should be 10 per cent. upon all stock thereafter sold in such territory, whether sold by her or sold by others; that about January 1, 1919, the rate of her commission was raised from 10 per cent. to 12½ per cent. of the gross amount received from such sales; that to Mrs. Lewis Griggs, sometimes known as Mrs. Fannie E. Griggs, there were sold 319 shares, and to others in the same territory 125 shares; that plaintiff was also instrumental in selling to Fred Johnson defendant's capital stock of the par value of $11,900, and for this sale plaintiff's compensation was to be 10 per cent. of the par value thereof; that upon all of the sales of stock enumerated in plaintiff's petition there was due plaintiff, as commissions, $5,747.55, less $535.50, with which sum she was credited, leaving a balance due her of $5,212.05 as above noted.

The defendant corporation for its answer alleged three separate defenses: First, that plaintiff brought an action against defendant November 24, 1919, setting up the same cause of action which is pleaded in the present case, and therein she prayed for a judgment; that defendant filed its answer and counterclaim December 26, 1919, alleging that defendant advanced to plaintiff $513.46 in cash and also sold to her an automobile for $770; that in the former action plaintiff in her reply

admitted defendant's counterclaim of $513.46, but alleged that the debt was canceled by the service rendered by plaintiff; that in the former suit defendant recovered judgment for $1,328.38 on its counterclaim which, when this action was begun, was a valid judgment, unpaid and unappealed from. Defendant avers that all of the issues pleaded in plaintiff's amended petition in this case were settled in the former case, and that it is a bar to this present action.

Defendant's second defense, in substance, is that about November 10, 1917, the defendant company employed plaintiff to do office work for a salary of $65 a month, which was subsequently raised to $100 a month; that she so continued in defendant's employ from November 10, 1917, to October 31, 1918; that the sale of the stock to Fred Johnson, hereinbefore noted, involved a proposed exchange of a certain note owned by him, secured by a real estate mortgage, for capital stock of the company; that plaintiff agreed with defendant that in making the exchange with Johnson she would accept the difference between the discount necessary to cash the note and mortgage and 10 per cent. as a full payment for her commission in that sale, an amount which approximated $535.50, which she agreed she would accept, and which was then paid to her, as her full conpensation for the Johnson sale, or exchange; that all of the stock sales upon which plaintiff bases her claim in the present case were made when plaintiff was in the employ of defendant upon a salary. Defendant denied that it had a contract with plaintiff to pay her any commission or other compensation for any of the sales sued on.

For a third and further defense, a "Supplemental Answer and Plea in Abatement" was filed by defendant. It is therein alleged that the same Fannie E. Griggs, who bought stock in the defendant corporation, began an action January 28, 1921, by her guardian, C. D. Coe, against defendant, in the district court for Lancaster county, to recover from defendant company $44,250 for

preferred stock which she bought from defendant, the guardian alleging in his petition that the sale of the defendant capital stock was effected by the fraudulent and false representations of the agents of defendant who thereby induced her to purchase; that the stock so purchased by Mrs. Griggs, upon which she based her cause of action against defendant, is a part of the same cause of action upon which the plaintiff herein, Myrtle M. Stearns, bases her cause of action in the present case; that if the guardian of Fannie E. Griggs recovered in the Griggs suit it would be an adjudication of the fact that the purchase of the stock by Griggs was procured by false and fraudulent representations on the part of the agents of the Nebraska Building & Investment Company, and that in such case the plaintiff could recover no commission because of the perpetration of the fraud set up in the Griggs petition; that it therefore became necessary to try the fraud issue presented in the Griggs petition before trying the issues joined in the present suit.

Plaintiff's reply contains the usual averments of denial of new matter in defendant's answer. She admitted the filing of her petition in the former suit, in the district court for Lancaster county, November 24, 1919, therein setting up substantially the same cause of action which is alleged in her petition in the present case; admitted that defendant answered therein and, upon trial, defendant recovered judgment for $1,328.38 on its counterclaim as hereinbefore noted. Plaintiff expressly denied that the issues or any of them tendered by plaintiff's petition herein were submitted to or determined or adjudged by the court in the former action; that, under leave of court, plaintiff in the present case voluntarily dismissed her petition in the former action before judgment was entered, and without prejudice to a future action, and withdrew from the case; that thereupon, in default of any defense being made to the defendant's counterclaim, the court entered judgment against this plaintiff

upon the counterclaim in the former suit in the sum of $1,328.38 and costs.

In respect of the application of the law to the facts, there is a wide divergence of opinion between opposing counsel. The evidence of the parties, submitted in support of their respective pleadings, were in all respects resolved by the jury in favor of plaintiff; so that our discussion of the record should necessarily be confined, for the most part, to the questions of law which are here involved.

It may be noted that plaintiff's amended petition in the present case was filed September 13, 1920. Defendant's brief was filed in this court January 31, 1920, wherein it is argued: "The defendant was compelled to go to trial in the instant case, and the plaintiff recovered a judgment for commission on the stock sold to Fannie E. Griggs. Later, the case of C. D. Coe, guardian of Fannie E. Griggs, against this company, Docket 73-193, was tried, and a judgment was entered against the defendant for the full amount of the stock purchased by Fannie E. Griggs, some $14,000 said case is now before this court on appeal, being case No. 22372." Elsewhere in its brief defendant says, "the arrangement for selling stock to Mrs. Griggs" was made by two men who were its sales managers.

In *Spencer v. Johnston*, 58 Neb. 44, we held: "The pendency of a former action for the same cause, between the same parties and in the same court, constitutes a good plea in abatement." To the same effect is *Richardson v. Opelt*, 60 Neb. 180; 1 C. J. 57, sec. 73, 59, sec. 76; *Walter Commission Co. v. Gilleland & Hamlin*, 98 Mo. App. 584.

It is perfectly apparent that defendant does not come within the rule announced in the *Spencer* case. Neither the parties nor the causes of action are the same. Besides, the suit in support of the plea in abatement was commenced by defendant in the district court only two or three days before the trial of the present case was

begun, and this case had then been pending in that court several months.  The court did not err in denying defendant's plea.

Defendant next contends that the court erred in overruling its plea in bar, which is based upon the fact that plaintiff began a suit against defendant November 24, 1919, wherein she set up the same cause of action which is pleaded in this case, and wherein defendant answered and there recovered the $1,328.38 on its counterclaim, all of which is referred to more in detail in the pleadings which are hereinbefore cited.

No authorities are cited in support of its argument on this point.  It is elementary that plaintiff waived nothing by the institution of the former suit, which was subsequently dismissed by her, without prejudice, before defendant recovered a judgment on its counterclaim.  It appears that plaintiff did not introduce any evidence in the former action, and, in the present case, she admits validity of defendant's judgment upon its counterclaim. Under that state of facts plaintiff had a lawful right, which she exercised, to prosecute the present action to judgment.  The court did not err in denying defendant's plea in bar.

Another defense interposed is that this action was prematurely brought.  Counsel contend that plaintiff's right of action depends upon whether the sale to Mrs. Griggs was *bona fide*, and, unless that fact is finally established, they insist that plaintiff has no basis for recovery.

We do not think the argument is tenable.  The record fairly discloses that plaintiff knew nothing about the fraudulent character of the stock nor of the fraudulent means which it is alleged were employed by defendant's sales organization to effect the sale of such stock, and, as hereinbefore noted, she was in no way a party to the fraud practiced upon Mrs. Griggs or upon any other purchaser.  Under the pleaded facts plaintiff should not be, and of course was not, a party to that suit.

There is evidence which tends strongly to prove the

allegations of plaintiff's petition, namely, that her contract with the president of defendant company was that she was to receive a commission of 10 per cent. on all sales in the Raymond territory, whether sold by her or by others, and that she was to go about in that territory, where she formerly lived and where she had many friends and relatives, as her clerical duties in defendant's office would permit, to interest such friends and relatives in the purchase of stock. There is evidence tending to prove that she visited many persons in the designated territory, and that some of them, but by no means all, purchased stock. It sufficiently appears that the court did not err in holding that the present case should not await the trial of the suit begun by the guardian.

Defendant points out that no consideration is pleaded, nor is there an allegation or any evidence in the record of any promise on the part of plaintiff to do or perform any act. In other words, plaintiff incurred no obligation and could terminate the contract at will or work or refuse to work as suited her convenience.

In *Bigler v. Baker*, 40 Neb. 325, we said: "Want of mutuality is no defense, even in an action for specific performance, where the party not bound thereby has performed all of the conditions of the contract and brought himself clearly within its terms." The case is cited with approval in *Dickson v. Stewart*, 71 Neb. 424. See also, 6 R. C. L. 686, sec. 93. In section 94 of the same text, among other things, it is said: "Accordingly, where one makes a promise conditioned upon the doing of an act by another, and the latter does the act, the contract is not void for want of mutuality, and the promisor is liable though the promisee did not at the time of the promise engage to do the act; for upon the performance of the condition by the promisee, the contract becomes clothed with a valid consideration, which relates back and renders the promise obligatory." Reversible error cannot be predicated on this assignment. We adhere to the rule announced in the *Bigler* case.

Defendant argues that plaintiff should not receive any compensation on the Griggs sales, the heaviest investor residing in the Raymond territory, on the ground that she did not sell the stock to her. Objection was also made for another reason, namely, that Mrs. Griggs received a commission, or discount, of 10 per cent. on the stock that she purchased because she refused to purchase on any other terms. But, as we have seen, plaintiff testified, in support of the averments of her pleadings, that the president of the defendant company agreed with her that she should have an exclusive agency covering the Raymond district and also a commission of 10 per cent. on the stock bought by Mrs. Griggs, just the same as though no commission, or discount, was allowed to Mrs. Griggs thereon. Plaintiff's evidence throughout tends to support the averments of her petition on every material point.

It is true that the president of the company, and one or more of its employees, denied all of the material evidence of plaintiff, notwithstanding her evidence was in large part corroborated by two of defendant's sales managers, that the arrangements were made to which plaintiff testified with respect to the exclusive sale of stock in the Raymond territory. In fact, one or more of defendant's sales managers corroborated much of plaintiff's material evidence in respect of the issues involved here. It appears, however, that the jury accepted plaintiff's version of the transaction between the parties rather than that of the defendant.

Defendant also contends that no commission should be allowed with respect to sales to three members of the Kerlin family, three brothers of Mrs. Griggs, who purchased stock through Mrs. Griggs to the amount of $11,399, by the use of money appropriated from the sale of land of her father. The same objection is made with respect to a sale to Mrs. Rosa Barton who purchased stock to the amount of $2,659, and also, on the same

grounds, objection is made to the sale of stock to E. L. Kemmerer, a purchaser in the sum of $2,071.

There is also a controversy with respect to certain stock which was sold to Fred Johnson hereinbefore noted, in the aggregate amount of $11,000 or upwards. This sale was effected by the exchange of an interest of that amount in a real estate mortgage owned by Mr. Johnson, as we have seen. Defendant contends that plaintiff is entitled to no compensation in respect of this sale. But she testified that an agreement was entered into between the president of the company and herself to the effect that she should have her commission thereon, and upon all of the stock which was sold and which is herein enumerated, because she introduced the subject of buying stock not only to Johnson, while he was living on a farm in Raymond territory, although at the time the sale was closed he was a resident of Lincoln, but also to the other purchasers in that territory.

The record shows that every disputed question of material fact, testified to by the parties in support of their respective pleadings, was warmly contested. However, the evidence was properly and fairly submitted to the jury, under instructions in which reversible error does not appear. The verdict, too, is not excessive, as defendant charges, but responds to the proved facts. It follows that, under a long-established and familiar rule, the verdict of the jury, as the triers of questions of fact, will not be disturbed when there is sufficient competent evidence to support it. And it appears to be so supported here. Defendant charges that the verdict is the result of passion and prejudice, but, in view of the evidence, we are unable to view it in that light.

Defendant contends that the court erred in giving instructions, numbered 3 and 4 of its own motion, but we do not find error therein.

We conclude that reversible error has not been shown. The judgment is therefore

                                        AFFIRMED.