JANET LeROYCE MILLER, APPELLANT, V. DONIVAN MICHAEL MILLER, APPELLEE.

328 N.W.2d 210

Filed December 30, 1982. No. 82-487.

Jay L. Welch and Douglas R. Semisch of Rickerson & Welch, for appellant.

Steven J. Lustgarten, P.C., of Lustgarten & Roberts, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

In this appeal petitioner-appellant, Janet LeRoyce Miller, challenges the order of the trial court sustaining the demurrer of respondent-appellee, Donivan Michael Miller, and dismissing her petition. We reverse.

Petitioner alleged that the parties have been domiciled in Nebraska since their marriage, December 4, 1971; alleged the other statutory requirements for a dissolution of marriage action, calling the court's attention to the fact that the parties in this action were parties to a dissolution of marriage action pending in California which had not become final; alleged that the California action had been initiated by petitioner less than 12 months after she had traveled from Nebraska to California as the result of fraud practiced upon her by respondent; alleged that petitioner had been absent from Douglas County, Nebraska, less than 18 months; and prayed for dissolution of the marriage together with other relief, including that petitioner be awarded custody of the parties' two minor twin children and that respondent be temporarily and permanently enjoined from relying upon any order, award, or decree in the California proceedings.

Respondent demurred only on the ground that there was another action pending between the parties for the same cause. Neb. Rev. Stat. § 42-353(5) (Reissue 1978) requires that a petition for dissolution of marriage recite whether the petitioner is a party to any other pending action for divorce, separation, or dissolution of marriage and, if so, that it state where such action is pending. Neb. Rev. Stat. § 25-806 (Reissue 1979) provides that "The defendant may demur to the petition only when it appears on its face . . . (3) that there is another action pending between the same parties for the same cause . . . ."

It does not necessarily follow, however, that the pendency of another action ipso facto requires that

the demurrer be sustained and the second action dismissed.

In *Flaxel v. Flaxel,* 101 Neb. 799, 165 N.W. 159 (1917), the wife filed an action for divorce in Platte County in which, pursuant to notice, the court ordered the husband to pay the wife certain suit and maintenance money. Thereafter, the husband pled in the Platte County suit that he had previously filed a suit for divorce against the wife in Butler County and asked that the Platte County suit be dismissed and that its order entered therein be set aside. The Platte County District Court dismissed the action and modified the order with respect to maintenance but refused to vacate the order for payment of suit money. In affirming the Platte County District Court we said at 800-01, 165 N.W. at 160: "When two actions are pending in different courts of competent jurisdiction between the same parties and for the same cause, the pendency of the first action will be sufficient ground for a plea in abatement to the second action, and if final judgment is entered upon the merits in the first action, such judgment will be a bar to further proceedings in the second action. The pendency of the first action is a fact which may be pleaded in bar or in abatement to the second action, and when so pleaded the court has jurisdiction to try and determine that issue. It cannot therefore be said that the court did not have jurisdiction to enter the order for suit money upon motion and due notice to the defendant. He suggests that, if the court in one county has jurisdiction to entertain an action where another action between the same parties and for the same cause is pending in another county, this plaintiff 'might have. gone into each and every judicial district in the state of Nebraska and repeated the performance.' But the law does not allow such vexatious litigation, and furnishes ample remedies if it is attempted." We have stated in a variety of other cases that, generally, the pendency of a former action for the same cause between the same

parties and in the same court constitutes a good "plea in abatement." *Cahoon v. First Nat. Bank,* 112 Neb. 462, 199 N.W. 830 (1924); *Stearns v. Nebraska Building & Investment Co.,* 109 Neb. 657, 192 N.W. 330 (1923); *Spencer v. Johnston,* 58 Neb. 44, 78 N.W. 482 (1899). The two actions involved here, however, are not in the same court; indeed, they are pending in courts of different and sovereign jurisdictions. The general rule that pendency of a prior action between the same parties for the same cause may be pled in abatement of a subsequent action will not be sustained where the prior action is pending in a court of a foreign or different jurisdiction. 1 C.J.S. *Abatement and Revival* § 63 (1936). See, also, 1 Am. Jur. 2d *Abatement, Survival, and Revival* § 5 (1962). It must be concluded, therefore, that the pendency of the California action does not bar the present action and the demurrer ought not have been sustained, nor the petition dismissed.

It may be that under the provisions of the Nebraska Child Custody Jurisdiction Act, Neb. Rev. Stat. §§ 43-1202 et seq. (Cum. Supp. 1982), or for other reasons, the court below may conclude that it should defer to the California court. It may also be that any dissolution finally granted by the California court would not be enforceable under the provisions of the Nebraska Uniform Divorce Recognition Act, Neb. Rev. Stat. §§ 42-341 et seq. (Reissue 1978). However, those questions are not properly presented by the status of the pleadings in this case and cannot be determined at this time.

The order of the court below is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.