## ELLEN R. HUBBARD v. N. P. OGDEN.

SALE OF REAL ESTATE, *When Set Aside.* Where a judgment is rendered in the district court in favor of the plaintiff, and against the defendant P. for money, and against the defendant H. that certain real estate belonging to H. be sold to satisfy said money judgment, and a case for review in the supreme court is then made, settled, signed, attested, and filed in the district court; and afterward said real estate is sold on execution in accordance with said judgment, *the judgment creditor being the purchaser;* and afterward said sale is confirmed by the district court; and afterward the case is taken to the supreme court for review (on the said case-made therefor), where the said judgment of the district court against H. is reversed, *held,* that the said sale may be set aside, and the parties placed back in the same condition in which they would be if said sale had not been made, and said judgment against H. had not been rendered.

### Error from Atchison District Court.

MOTION filed by *Ellen R. Hubbard,* July 19, 1879, wherein she moved the court to order a supplemental mandate upon the decision in this action (p. 363, *ante*), to be sent to the district court, ordering specifically the modification to be made of such judgment and decree, so that the status of Mrs. Hubbard's property shall be definitely settled. The motion was argued and submitted, September 9, 1879, and the opinion herein filed November 15, 1879.

*Smith & Solomon,* and *W. W. Guthrie,* for the motion.

No appearance, *contra.*

The opinion of the court was delivered by

VALENTINE, J.: This case was decided by this court on June 30, 1879, but there is one question connected therewith which was not decided, or at least was not sufficiently elucidated, and upon which the plaintiff in error now seeks further light. That question is as follows: Where a judgment is rendered in the district court in favor of the plaintiff Ogden, and against the defendant Hubbard for money, and against Mrs. Hubbard, that certain real estate belonging to her be sold to satisfy said money judgment, and a case for review in the supreme court is then made, settled, signed, attested, and filed in the district court, and afterward said real estate is sold on execution in accordance with said judgment—*the judgment-creditor being the purchaser*—and afterward said sale is confirmed by the district court, and afterward the case is taken to the supreme court for review (on said case-made therefor), where the judgment of the district court against Mrs. Hubbard is reversed, then may the said sale be set aside, and the parties placed in the same condition in which they would be if said sale had not been made, and if said judgment against Mrs. Hubbard had not been rendered?

This question is not altogether free from difficulty, but we are inclined to think that it should be answered in the affirmative. Except for § 467 of the civil code (Comp. Laws of 1879, p. 664), we should have no hesitancy in declaring in the affirmative. See Freeman on Judgments, § 482; *Hubbell v. Adm'r of Broadwell*, 8 Ohio, 120, 127; *McBain v. McBain*, 15 Ohio St. 337; *Gott v. Powell*, 41 Mo. 416, 420; *McJilton v. Love*, 13 Ill. 487, 494, 495; *Reynolds v. Hosmer*, 45 Cal. 617; *Corwith v. State Bank*, 15 Wis. 289; *Twogood v. Franklin*, 27 Iowa, 239; *Lovett v. The Church*, 12 Barb. 67, 83; *Marks v. Cowles*, Supreme Court of Ala. 1879, 8 Law Reporter, 331.

Said § 467 of the civil code reads as follows:

"If any judgment or judgments, in satisfaction of which

any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers; but, in such cases, restitution shall be made by the judgment creditors, of the money for which such lands or tenements were sold, with lawful interest from the day of sale."

This section has application solely to *bona fide* purchasers, who are not parties to the erroneous judgment, nor responsible therefor, and who do not have reason to believe that such erroneous judgment will be reversed or vacated by the appellate court; (*Hubbell v. Broadwell's Adm'r*, and *Twogood v. Franklin*, ante.) It applies only to strangers to the judgment, who have purchased under the honest belief that the judgment is sufficient. It would not be in consonance with justice or equity to allow a party who had procured an erroneous judgment, and who had procured property thereunder, to retain the fruits of such judgment after it had been set aside and annulled by the superior court. We think that the order of the district court, confirming the sale of Mrs. Hubbard's separate property, should be reversed, and that the sale should be set aside, and it is so ordered.

All the Justices concurring.