State, ex rel. Olson, v. Claney.

---

STATE, EX REL. CHARLES OLSON, APPELLANT, V. HERMAN M. CLANEY ET AL., APPELLEES.

FILED FEBRUARY 12, 1915.  No. 18,717.

**Abatement:** PENDENCY OF ANOTHER ACTION: MANDAMUS.  The plea in abatement of another action pending in the same court between the same parties, regarding the same subject matter, and in which the relief sought is practically the same, is a good defense to a second action; and this rule is applicable to proceedings in mandamus.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE.  Affirmed.

*William V. Allen* and *William L. Dowling,* for appellant.

*H. Halderson, contra.*

FAWCETT, J.

At the general election, April 7, 1914, there was submitted to the voters of the village of Newman Grove the question of license or no license for the sale of intoxicating liquors.  The election board received and counted 233 votes, of which 117 were for and 116 against license.  At the

97Neb.46

same election there were to be elected three village trustees. There were five candidates for these three offices, whose names all appeared on the ballot "by petition." Below the names of these candidates there was printed on the ballot on two separate lines, "For Saloon License," and "Against Saloon License." Opposite each was the usual square in which the voter was required to make his mark. Similar squares were opposite the names of the five candidates for trustee. Above the voting squares for the election of trustees there was printed, "Vote for three." On one ballot the squares opposite the names of four of the candidates for trustee were marked and the square opposite the words, "Against Saloon License," was also marked. The election board, after considering this ballot, decided that it was a spoiled ballot and did not count it for any of the candidates for trustee or for or against license. The village board canvassed the returns filed by the election board and declared the result of the election to be for saloon license. On June 8, 1914, the relator applied to the district court for Madison county, for a writ of mandamus to compel the election board to reconvene and complete the performance of its duty by counting the ballot above referred to, which, if counted, would, as alleged, make the vote on the license question a tie. He also prayed that the writ require the village board to convene and recanvass the vote. A demurrer by the village board to the petition for the writ was sustained, and a demurrer by the election board overruled; whereupon the members of the election board answered. In the fourth paragraph of their answer they allege: "Further answering, these respondents aver that on or about the 27th day of April, 1914, the relator herein commenced a proceeding in the county court of Madison county, Nebraska, against the parties who are respondents herein, the purpose and object of which was, and is, to contest the election upon the said liquor license proposition, which proceeding is now pending and undetermined in the district court for Madison county, Nebraska, and that A. T. Rodman, who is the clerk of said village of Newman Grove, Nebraska, has been cited to appear in said proceeding, and

bring with him and produce in said court the tally sheet, certificates, poll books, list of voters, and ballots, and all papers relating to the said election, and upon his obeying said citation there will be nothing to do for this election board except the idle ceremony of reconvening."

Relator filed a motion to strike certain parts of the answer. The third paragraph of his motion is as follows: "The relator further moves the court to strike out all of paragraph 4 of said answer because the same is the statement of a conclusion and not the averment of an issuable fact; said paragraph has reference to a contest proceeding instituted in the county court of Madison county, Nebraska, but in no manner connected with the subject and purpose of this action, and it is not averred that the question involved therein has become *res adjudicata,* nor do the matters therein stated constitute a defense or an excuse for the failure of the respondents to perform their duty as averred in the petition."

While this pleading is denominated a motion, we think the third paragraph is clearly a general demurrer to the fourth paragraph of the answer, on the ground that it does not state a defense to plaintiff's action, and it will be treated as such. The reply to the answer and return of the members of the election board is a general denial of every affirmative allegation therein contained. The trial court found that the election board duly canvassed all the votes cast at the election on the license question; that, in canvassing the same, they canvassed and considered the one ballot in controversy as a mistaken ballot, rejected the same, and did not count it for or against the license proposition; further, that the relator has a plain, adequate remedy at law to contest all errors, etc.; and entered judgment in favor of the respondents against the relator and dismissed his action with costs. From this judgment the relator appeals, and, from the ruling of the court striking out paragraph 4 of their answer, the respondents, the members of the election board, present a cross-appeal.

We do not deem it necessary to consider relator's assignments of error seriatim, for the reason that in our judg-

ment the case must be decided adversely to his contentions upon a proposition settled by our former adjudications that, even if the remedy by mandamus existed in favor of relator, a point which we do not concede, another remedy, equally as available and equally as adequate, also existed in his favor, viz., the right to contest the election; and that, where two remedies exist, and the one in whose favor they exist elects to proceed for the enforcement of one and institutes a proceeding therefor, he cannot avail himself of the other while such proceeding is pending. *State v. Matley,* 17 Neb. 564, *State v. North Lincoln Street R. Co.,* 34 Neb. 634, and *Monroe v. Reid, Murdock & Co.,* 46 Neb. 316, 331, where the same rule is announced, and *State v. North Lincoln Street R. Co., supra,* is cited and followed. See, also, *Bartley v. State,* 53 Neb. 310, 322, where the two last above cases are cited with approval, as is also done in *Spencer v. Johnston,* 58 Neb. 44, 48. In *State v. Matley, supra,* at page 568, Maxwell, J., speaking for the court *in re* the two remedies, said: "He may contest the election, however, instead of proceeding by mandamus, and may have sufficient cause for doing so, as where illegal votes were cast for his competitor. But whatever the cause, having chosen his remedy, he must exhaust that before instituting other proceedings. The whole theory of our civil procedure is to avoid a multiplicity of suits, hence the plea of another action pending between the same parties and for the same cause of action is a good plea in abatement. A proceeding to contest an election is substantially an action, and, as it was pending when this proceeding was instituted, that remedy must be exhausted before relief will be granted in this." In *State v. North Lincoln Street R. Co., supra,* in the second paragraph of the syllabus we held: "The plea of the pendency of another suit in bar is applicable to proceedings in mandamus." In the seventh paragraph of the syllabus in *Monroe v. Reid, Murdock & Co., supra,* we held: "The plea in abatement of another action pending in the same court between the same parties, regarding the same subject matter, and in which the relief sought is practically the same, is a good defense to a second ac-

tion, and the fact that one is an action at law and the other in equity is immaterial." In the light of these authorities, we think we may well say that the rule above stated should be considered as settled in this state.

Treating that part of the motion of relator, which assails the fourth paragraph of the answer of the respondents, as a demurrer, the fact stands admitted that at the time this action was commenced, on June 8, 1914, there was still pending and undetermined, in the same court, a proceeding that had been instituted on or about April 27, 1914, by the relator in this action as contestant in that, and against the same parties who are respondents in this action, to contest the same election upon the liquor license proposition that is involved in this action. This being true, relator can obtain in that contest proceeding a full and complete investigation and decision of all of the questions which he raises in this action. Having elected to travel that road, he should be required to travel it to the end. This conclusion disposes of the two points: (a) That the court erred in sustaining the demurrer of the members of the village board; and (b) in refusing to permit the ballots of McElhoes and Ward to be taken from the ballot box and used in evidence.

Upon a consideration of the whole case, we think the district court was right in disposing of the case on the ground stated in its judgment; but, if that point were in doubt, there can be no doubt but that upon the record before us no other judgment could have been properly entered than the one complained of.

AFFIRMED.

MORRISSEY, C. J., SEDGWICK and HAMER, JJ., not sitting.