Coon v. O'Brien.

---

MINNIE L. COON ET AL., APPELLANTS, v. ROBERT D. O'BRIEN ET AL., APPELLEES.

FILED JANUARY 13, 1922. No. 21853.

1. **Husband and Wife: JOINT ACTIONS.** Husband and wife may jointly bring action relative to title to real estate belonging to either of them.

2. **Judgment:** PLEA OF RES JUDICATA. Plea of *res judicata* cannot be maintained except in cases where the issues and the necessary parties in the instant case are the same as in the case wherein the judgment pleaded as a bar was rendered. In the present case, the facts, which are fully set forth in the opinion herein, show that neither the issues nor necessary parties in this action are the same as in the case in which judgment pleaded as a bar was rendered. *Held*, that the plea of *res judicata* is not sustained.

3. **Appeal:** REVERSAL: RECOVERY OF LAND SOLD TO SATISFY JUDGMENT. This is an action brought under section 8087, Rev. St. 1913, to recover lands sold to satisfy a judgment which was not superseded and was afterwards reversed and vacated by this court. Section 8087 reads as follows: "If any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers; but, in such case, restitution shall be made by the judgment creditor, of the moneys for which such lands or tenements were sold, with lawful interest from the day of sale." *Held*, that the term "purchaser" used in this section means a *bona fide* purchaser; that is, one who is not a party to the erroneous judgment nor responsible therefor; one that does not have reason to believe that such erroneous judgment will be vacated by an appellate court. It applies only to strangers to the judgment who have purchased under the honest belief that the judgment is sufficient. *Held*, also, that the assignee of the party against whom such erroneous judgment was rendered may demand restitution of the property sold to satisfy such judgment, and maintain action to recover the same. *Held*, further, that real estate so sold may be recovered by an action to quiet title.

4. ——: ——: RIGHTS OF PURCHASER AT EXECUTION SALE. One who makes a *bona fide* contract to purchase land sold to satisfy a judgment, which was not superseded, and was afterwards vacated on appeal to the supreme court, and pays part of the purchase price before notice that such judgment was erroneous, will be protected by said statute to the extent of the amount so paid, with interest, but no further.

5. ——: ——: ——. A judgment was rendered against C., and his real estate levied on and sold to the judgment creditor to satisfy the same. The judgment was appealed to the supreme court, but no supersedeas bond was given, and was by said court vacated. *Held*, that the wife of C., to whom he had conveyed his interest in the land after the same had been sold to satisfy

the judgment erroneously rendered against him, could maintain an action to recover the land; and that the facts developed on the trial in district court, and which are fully set out in the opinion herein, warrant a decree in her favor, subject, however, to the payment of $950 and interest thereon at the legal rate to one S., who had made a *bona fide* contract with the grantee of the purchaser, *i. e.*, the judgment creditor, at the execution sale, and had paid that amount of the purchase price agreed upon. And judgment in favor of C. should be rendered against the judgment creditor for said amount so required to satisfy the *bona fide* interest of S. in said land.

6. ———. Where one is properly in court as a defendant and makes no claim of interest in the subject-matter of the action, files an answer denying generally the allegations of a cross-petition of a codefendant only, and takes no appeal from a decree of the trial court adverse to himself, and makes no appearance in this court, there is nothing for this court to consider, so far as his interest is concerned, and no order or judgment can be made in respect thereto.

7. ———: REVERSAL: ACTION TO RECOVER LAND SOLD TO SATISFY JUDGMENT: EVIDENCE. In an action brought under section 8087, Rev. St. 1913, for restitution of property sold on execution issued on a judgment not superseded, and afterwards vacated by the supreme court, it is immaterial as to what further proceedings were had regarding such erroneous judgment, and evidence tending to show that a second judgment was rendered was properly rejected by the trial court; and the same is true as to evidence offered to show that such second judgment had been fully paid.

APPEAL from the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. *Reversed, with directions.*

*C. E. Tefft, C. A. Robbins* and *Radcliffe & Hyde,* for appellants.

*D. O. Dwyer, Peterson & Devoe* and *Halligan, Beatty & Halligan, contra.*

Heard before LETTON, DEAN and ALDRICH, JJ., CLEMENTS (E. P.) and DILWORTH, District Judges.

DILWORTH, District Judge.

Appellants, Minnie L. Coon and Omar A. Coon, wife and husband, commenced this action in Cheyenne county

against Robert D. O'Brien, Dennis O. Dwyer, Joseph M. Swensen, Christian E. Metzger, and Etta Belle Metzger, to quiet title to certain land situated in that county. Afterwards, by stipulation of parties and order of the court, H. F. Brinkman and C. W. Bish were also made defendants. The proceedings in this court being a trial *de novo* of the cause, we deem it proper to set out somewhat in detail the facts as developed on the trial in district court.

The undisputed evidence, and the stipulation of the parties, show that on the 26th day of April, 1916, Robert D. O'Brien obtained a judgment in the district court for Cass county, Nebraska, against Omar A. Coon for the sum of $3,978, together with costs amounting to $148.75; that an appeal was taken from such judgment to the supreme court, and that no supersedeas bond was given. A transcript of said judgment was filed in the office of the clerk of the district court for Cheyenne county on May 1, 1916. On May 3, 1916, a quitclaim deed was filed in the office of the register of deeds of said county, whereby Omar A. Coon conveyed the lands involved herein to his wife, Minnie L. Coon. On July 16, 1916, an execution on this judgment issued out of the office of the clerk of the district court for Cass county, directed to the sheriff of Cheyenne county, who levied the same on and sold the lands in question to the judgment creditor, Robert D. O'Brien, for $4,000, being the appraised value thereof, and approximately the amount of the judgment. The sale was confirmed by the district court for Cass county, and the sheriff deeded said lands to O'Brien on September 12, 1916. By deed, dated October 14, 1916, O'Brien conveyed the land to H. F. Brinkman, who was the young lady stenographer in the office of Dennis O. Dwyer, the attorney for O'Brien in all the proceedings had to obtain and force said judgment. This deed expressed no consideration, and covenanted only to warrant and defend the premises against any acts of the grantor. It was filed for record March 21, 1917. On April 7, 1917,

O'Brien made a correctional deed to said Brinkman, in which the consideration was stated as $4,000. This deed was filed for record on March 18, 1918. On the same day that the first deed to Brinkman was dated, October 14, 1916, she entered into a contract with appellee Joseph M. Swenson to sell him said lands for the sum of $4,450, to be paid as follows: $950 cash, which was paid, and $3,500 on March 1, 1917.

O'Brien instituted an action in the district court for Cheyenne county against Minnie L. Coon sometime in December, 1916, to set aside and cancel the deed of her husband to her on account of fraud as to his creditors, and quieting title to the lands in O'Brien as to any claim of right, title or interest therein of said Minnie L. Coon. On March 21, 1917, a decree as prayed for was entered in such action. From this decree Minnie L. Coon appealed to this court, and gave a supersedeas bond fixed by the court at $750. On May 31, 1917, H. F. Brinkman executed a deed, blank as to grantee, for said lands, and gave the same to defendant Dwyer. On February 16, 1918, the supreme court reversed and vacated the judgment rendered in the district court for Cass county in favor of O'Brien and against Omar A. Coon. On March 18, 1918, the deed in blank executed by Brinkman on May 31, 1917, with the name of C. E. Metzger inserted as grantee, was filed for record in Cheyenne county. At the January term, 1919, of the supreme court, Minnie L. Coon moved to have her appeal in the case of O'Brien against her dismissed without prejudice to her rights in the district court. This court at that term granted said motion and dismissed said appeal without prejudice to her rights in the lower court. Thereafter, on July 9, 1919, this action was commenced. Swenson filed an answer and cross-petition, setting up his contract of purchase, claiming to be a *bona fide* purchaser, and asking that such contract be carried out and title to the land be quieted in him. Metzger filed an answer and cross-petition, claiming to be a *bona fide* pur-

chaser by virtue of the deed of Brinkman to him, and prayed that title to the premises be quieted in him as against the plaintiffs and his codefendants. Dwyer filed a disclaimer; O'Brien made default of any answer; Bish filed an answer only to the cross-petition of Swenson, denying generally such answer and cross-petition. No process was served on Brinkman. Trial was had and a decree rendered in favor of the defendant Swenson, providing that he pay into the district court, "within five days from the date of this decree, the sum of $3,500, provided to be paid in his contract with the defendant Brinkman, for the use and benefit of the said Brinkman, or her assigns, the said Brinkman shall execute and deliver, within ten days from the date of this decree, a good and sufficient deed conveying to said defendant Swenson the lands involved herein and that the deed from said H. F. Brinkman to defendant O'Brien (evidently a mistake in name made by transcriber, as Metzger was undoubtedly meant), and the deed from said O'Brien to defendant Bish, and the mortgage given thereon by the defendant Bish, be and the same hereby are canceled and held to be null and void."

The plaintiffs and the defendants O'Brien, Bish, Brinkman, and Metzger, jointly and severally except. Plaintiffs perfect appeal to this court. The plaintiffs, and defendant Swenson only of all the defendants, appeared or participated in the hearing of this cause in this court in any manner.

This action is brought under section 8087, Rev. St. 1913, which reads: "If any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers; but, in such case, restitution shall be made by the judgment creditor, of the moneys for which such lands or tenements were sold, with lawful interest from the day of sale."

It is insisted by appellee Swenson that no one but the

defendant in the action in which the judgment was rendered can take advantage of a reversal of a judgment where no supersedeas bond has been filed. This court in the case of *Hier v. Anheuser-Busch Brewing Assn.,* 60 Neb. 320, recognized the contrary rule and sustained an action brought by the assignee of a judgment debtor for restitution, or recovery of money from the judgment creditor realized on a judgment in which no supersedeas bond was given, and was afterwards reversed.

It is also urged that the plaintiffs cannot maintain this action, either individually or jointly; that Omar A. Coon has no interest in the land; that the deed made by him to his wife disposed of all his interest therein, and is effective notwithstanding the decree in the case of O'Brien v. Minnie L. Coon. There is merit in this proposition. The deed from Coon to his wife, Minnie L., is good between themselves, and as to all parties except the creditors of Omar A. Coon. *Lewis v. Holdrege,* 56 Neb. 379.

While Omar A. Coon did not have sufficient interest in the land to permit him to maintain this action individually, yet he was a proper party to join with his wife. *Holladay v. Rich,* 93 Neb. 491.

It is insisted, however, that the wife, Minnie L. Coon, cannot maintain this action for the reason that she is barred by the decree in the case of *O'Brien v. Coon.* Such is not the fact. The issues in that case were not the same as in this. The issue in the *O'Brien v. Coon* case was as to her interest in the land as a purchaser thereof, as against the demands of her husband's creditors. The present action is to determine her right in the land as the assignee of her husband's right to demand restitution of his lands sold under a judgment, not superseded, that was, after the sale had been made, reversed and declared void. The doctrine of *res judicata* does not apply in this instance. The issues are not the same. This court has declared in what instance the rule of *res judicata* does apply, and that is:

"A judgment of a court of competent jurisdiction upon

a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but, to this operation of the judgment, it must appear either upon the face of the record or be shown by extrinsic evidence that the precise question was raised and determined in a former suit." *Morgan v. Mitchell,* 52 Neb. 667.

Not only were the issues not the same, but the necessary parties were not the same  The plaintiff in the former suit, Robert D. O'Brien, was not a necessary party in this action. He could have been left out of the suit and the issues fully determined. Minnie L. Coon and her husband, Omar A. Coon, are the proper parties to demand restitution of the land sold.

The only question remaining to be determined, and the one most strongly contested, is whether such restitution should be awarded them. The section of the statute under which this suit was brought protects only *bona fide* purchasers. The supreme court of Kansas, in construing a statute similar to that under consideration, clearly states the rule in the case of *Hubbard v. Ogden,* 22 Kan. 671 (cited by appellants), as follows:

"This section has application solely to *bona fide* purchasers, who are not parties to the erroneous judgment, nor responsible therefor, and who do not have reason to believe that such erroneous judgment will be reversed or vacated by the appellate court. * * * It applies only to strangers to the judgment, who have purchased under the honest belief that the judgment is sufficient. It would not be in consonance with justice or equity to allow a party who had procured an erroneous judgment, and who had procured property thereunder, to retain the fruits of such judgment after it had been set aside and annulled by the superior court."

If there is any *bona fide* purchaser of this land, then this action fails as to such purchaser. Let us see if there is such. Robert D. O'Brien, judgment creditor, who purchased the land at the sale on the execution issued on

his judgment, is not a *bona fide* purchaser. *Stroud v. Casey*, 25 Tex. 740, 78 Am. Dec. 556.

O'Brien conveyed the lands so purchased by him to H. F. Brinkman, who the evidence shows was a clerk or stenographer in the office of defendant Dennis O. Dwyer, attorney for O'Brien in the action in which the judgment was rendered, and in all the proceedings taken to enforce the collection thereof. Her deposition was taken by appellants and used by them in the trial of this cause in the district court. She testified that she merely held the land for her employer, Dennis O. Dwyer; that she neither paid nor received anything for the land, but held it subject to the order of Dwyer. She is not a *bona fide* purchaser.

Defendant Dwyer was probably the real purchaser of the land from O'Brien, and there is some testimony of a doubtful nature that he gave O'Brien his (Dwyer's) check or note in payment for the same. It would make no difference if he had paid cash in full for the land. Being the attorney for O'Brien, as hereinbefore stated, he is in the same position as O'Brien. *Stroud v. Casey, supra*. He is not a *bona fide* purchaser.

We will next consider the claim of defendant C. E. Metzger, that he is a *bona fide* purchaser. Metzger claimed title to the land by virtue of a deed made by Brinkman, May 31, 1917. This deed when made was blank as to grantee, and was delivered by Brinkman to Dwyer. On March 18, 1918, after the decision of the supreme court, vacating the judgment in favor of O'Brien against Omar A. Coon, to satisfy which the land had been sold, had been announced, this deed, with the name of C. E. Metzger inserted as grantee, was filed for record in Cheyenne county. Metzger's deposition was taken by the plaintiffs in this action and used in the trial in the district court. From it, and other evidence produced in the hearing in that court, it appears that Metzger never saw this land, and knew nothing as to its condition or title. His attention was called to it by

Dwyer, who was his attorney when he needed one, and with whom he was intimately associated. It is shown that he gave his check to Dwyer for $3,500 in payment therefor; that this check was drawn on a Plattsmouth bank, the home town of Dwyer, and delivered to Dwyer in Omaha; that Dwyer cashed it in Omaha; that at the time this check was given Metzger's account in the Plattsmouth bank on which it was drawn was overdrawn some $79; that the day after the check was cashed in Omaha some one—Metzger does not know who and it seemed impossible to learn from him or the president of the bank on which the check was drawn, whose deposition was also taken by the plaintiffs—deposited in the bank $3,500 to the credit of Metzger, which was used to take up this check. A close examination of the testimony of Metzger and the bank officials and of Brinkman leads one to the conclusion that the trial court was well justified in finding that "the connection of Metzger with the transaction seems to have been had with Dwyer, the attorney for O'Brien. Brinkman, Dwyer's stenographer, seems to know little about the transaction by which she obtained title to the land, or the transaction by which she conveyed the title to Metzger. These two transactions almost convince one that the real party in interest was Dwyer, the attorney for O'Brien."

We will go farther than the trial court went in its findings in this respect, and say that the entire evidence fully convinces us that Dwyer was the real party in interest in these transactions and that the deed purporting to carry the title to Metzger was in fact made solely for Dwyer's benefit and was not a *bona fide* transaction. This conclusion is supported very strongly by the failure of Metzger to appeal from the decision of the district court denying his claim of title to the land, and his nonappearance in this court to protect his interests, as would be expected from a man with $3,500 at stake. Metzger was not a *bona fide* purchaser.

Defendant C. W. Bish is said to have a mortgage on

the land for $11,200 given by the appellants. He appeared in the district court, filed answer only to the cross-petition of defendant Joseph M. Swenson, but did not set up his mortgage or make any claim or offer any evidence in respect· thereto. He took no appeal from the decree of the district court, canceling his mortgage; neither has he appeared in this court. Such being the fact, this court is in no position to pass upon the rights of Bish, and does not do so.

The remaining question to determine is as to the claim of Joseph M. Swenson. He claims to be a *bona fide* purchaser of the land through a contract for the purchase thereof, entered into October 14, 1916, with Brinkman. The evidence shows without dispute that on that day, it being the same day that O'Brien conveyed the land to Brinkman, she contracted to sell the land to him for $4,450. Of this sum $950 was to be in cash at that time, which was paid, and the balance of $3,500 was to be paid on March 1 following. This contract provided that Brinkman was to immediately make a warranty deed to said premises in favor of Swenson and deliver the same to D. O. Dwyer, to be held by him and delivered to Swenson on March 1 or prior thereto upon his paying to Dwyer the sum of $3,500, as stipulated. Brinkman was to furnish Swenson an abstract, showing merchantable title to the premises. Swenson refused to make the final payment until the claim of Minnie L. Coon to the land, by reason of the deed to her from her husband, was disposed of. Before that was finally determined this action was commenced, and the final payment of $3,500 has not been made, although since tendered. The evidence clearly shows that this transaction with Swenson was *bona fide.* Therefore, Swenson has a *bona fide* interest in the land to the extent of the sum paid by him, to wit, $950, together with interest at the legal rate from the time said sum was paid, October 14, 1916.

Evidence was offered in the district court, tending to show that upon a retrial of the case of O'Brien v. Omar

A. Coon, in Cass county, another judgment was obtained against Omar A. Coon. The court rejected this evidence. This was correct.

On the other hand, the plaintiffs offered evidence that said second judgment had been fully paid and satisfied. This offer the court correctly refused.

We find that appellee Joseph M. Swenson has a *bona fide* interest in the lands involved herein to the extent of $950, being the amount paid by him on the purchase thereof, and interest on said sum at the legal rate from October 14, 1916, the date of such payment; that Robert D. O'Brien, Dennis O. Dwyer, H. F. Brinkman, Christian E. Metzger, and Etta Belle Metzger, and none of them, are purchasers of said premises, and have no *bona fide* interest therein; that Minnie L. Coon, as the assignee of Omar A. Coon, as to all his rights and interest in said real estate, is entitled to restitution thereof, and that the title thereto, subject to the *bona fide* interest of said Joseph M. Swenson, should be quieted in her as against all persons claiming any right, title or interest therein growing out of or resulting from the sale of said premises on the execution issued on the judgment rendered by the district court for Cass county, Nebraska, on the 26th day of April, 1916, in an action therein pending, wherein Robert D. O'Brien was plaintiff and Omar A. Coon was defendant, and which judgment was afterward vacated and set aside by the supreme court; that said Minnie L. Coon, as the assignee of Omar A. Coon, should have judgment against Robert D. O'Brien for the amount of the *bona fide* interest of Joseph M. Swenson, as hereinbefore stated; that appellee Robert D. O'Brien should pay the costs of this action, including the costs in this court.

It is therefore ordered and adjudged that the decree rendered in the district court be reversed, and that this cause be remanded to said court, with directions to render a decree, quieting title to the land involved, in Minnie L. Coon, subject to a lien thereon in favor of

appellee Joseph M. Swenson for $950 and interest at the legal rate from October 14, 1916; that judgment be rendered against said Robert D. O'Brien and in favor of Minnie L. Coon for the amount found due on the lien of Joseph M. Swenson on said land, and costs of this suit, including costs in this court.

REVERSED.