ROBERT I. CAHOON, ADMINISTRATOR, APPELLANT, V. FIRST NATIONAL BANK OF FREMONT: UNION NATIONAL BANK OF FREMONT, SUBSTITUTED DEFENDANT, APPELLEE.

FILED JULY 18, 1924. No. 22882.

1. **Abatement.** The main purpose of abating a civil action is to prevent unnecessary or vexatious litigation.

2. ———. As a general rule a civil action may be abated where a former action relating to the same subject-matter is pending between the same parties in the same court or in another court of the same sovereign.

3. ———: PROCEDURE. The usual method of making the objection that a former action relating to the same subject-matter is pending between the same parties is the filing of a plea in abatement, but, where those facts are shown without dispute by the pleadings as a whole and the evidence, the subsequent action may be abated.

APPEAL from the district court for Dodge county: FRED-
ERICK W. BUTTON, JUDGE.  *Reversed, action and counter-
claim abated.*

*J. E. Daly,* for appellant.

*Courtright, Sidner, Lee & Gunderson, contra.*

Heard before LETTON, ROSE and DEAN, JJ., BLACKLEDGE
and REDICK, District Judges.

ROSE, J.

This is an action commenced November 26, 1921, in the
district court for Dodge county by Robert l. Cahoon, ad-
ministrator of the estate of Ira E. Cahoon, deceased, against
the First National Bank of Fremont and its receiver, Ber-
nard Ulrich.   Ira E. Cahoon died April 23, 1921, having
on deposit in the First National Bank of Fremont subject
to check $681.90, which his administrator seeks to recover
in this case.   The Union National Bank of Fremont pur-
chased the assets and assumed the liabilities of the First
National Bank of Fremont and was substituted as defend-
ant.   The answer admitted the deposit pleaded by the ad-
ministrator and alleged that it was applied July 20, 1921,
on two unpaid promissory notes, each for $2,000, one dated
February 20, 1921, and the other February 25, 1921, both
due 90 days after date, executed by Ira E. Cahoon and
payable to the First National Bank of Fremont.   The an-
swer also contained a counterclaim for judgment on the
notes less the deposit of $681.90 for which the administra-
tor brought suit.   The reply, among other things, alleged.
that the deposit in controversy was converted to the use of
defendant July 20, 1921, and that the notes and other items
of indebtedness had been presented to the county court of
Washington county as claims against the estate of deced-
ent.   The district court for Dodge county permitted the par-
ties to try the issues on their merits, found the notes to
be valid claims in favor of defendant and against the es-
tate of decedent, allowed the deposit as a credit on the
notes, though they were not due when the depositor died,

and entered judgment against plaintiff for $3,776.72 on the counterclaim. The latter has appealed.

The position of plaintiff seems to be that the administrator was entitled to the deposit as an asset of the estate; that the crediting of the deposit on the unmatured notes amounted to a conversion, and that the counterclaim should be abated, because it was pending between the same parties in the county court of Washington county, where the decedent's estate must eventually be settled. The reasons for abating the counterclaim apply also to the action for the deposit. The administrator cannot separate the claims for the purpose of maintaining his own and defeating that of defendant, where the right to apply the deposit on the indebtedness evidenced by the notes is a litigable question. The evidence shows that these identical notes, less credit for the deposit, were presented to the county court of Washington county as claims against the decedent's estate. The main purpose of abating a civil action is to prevent unnecessary or vexatious litigation. The general rule is that an action may be abated where a former action relating to the same subject-matter is pending between the same parties in the same court or in another court of the same sovereign. It is insisted, however, that there is no proper plea in abatement in the present instance. The pleadings, considered together with the evidence, show that the parties and subject-matter in both courts are identical. The answer to the petition of plaintiff pleads the notes and a credit of $681.90 on account of the deposit, and alleges:

"This answering defendant further shows that said notes have been presented as claims against the estate of Ira E. Cahoon in the county court of Washington county, Nebraska, and have been by said court duly allowed."

The reply to the answer and to the counterclaim contains, among other things, the following:

"Plaintiff demurs to the answer of defendant in that as appears upon the face of such pleading and the files herein there is another action pending between the same parties for the same cause."

While abatement is not pleaded according to the technical rules of pleading, the allegations of both parties and the evidence show without dispute that the present action for the deposit and the counterclaim for judgment on the notes should have been abated. In an article on abatement it is said:

"The usual manner of raising the objection is by a plea in abatement in the nature of a bar, though a demurrer may sometimes be proper." 1 R. C. L. 19, sec. 9.

The county court of Washington county, the court of original jurisdiction in the settlement of estates, was the first to acquire jurisdiction and should be permitted to retain it for the purpose of determining in a single proceeding the controversies between the parties. Determination of the same issues between the same parties in the different courts was unnecessary and vexatious. The judgment of the district court is therefore reversed. The action for the deposit and the counterclaim for judgment on the notes are abated. Plaintiff, being the first to invoke the jurisdiction of the district court for Dodge county, should pay the costs in that court and also in the supreme court.

REVERSED, ACTION AND COUNTERCLAIM ABATED.

Note—See Abatement and Revival, 1 C. J. p. 45, sec. 38; p. 101, sec. 151.