ROBERT SCOTT CARADORI, APPELLANT, V. STEVEN HAMILTON ET AL., APPELLEES.

227 N. W. 2d 850

Filed April 10, 1975. No. 39752.

Collins & Collins, for appellant.

John J. Respeliers, for appellees.

Heard before SPENCER, BOSLAUGH, CLINTON, and BROD-KEY, JJ., and RONIN, District Judge.

SPENCER, J.

Plaintiff appeals from the dismissal of his amended petition in a personal injury action. We affirm the dismissal, but for reasons other than those stated by the trial court.

Plaintiff, who was a passenger in an automobile owned by Lester and Virginia Hamilton and operated by their son Steven Hamilton, sustained personal injuries when the Hamilton automobile collided with automobiles operated by Judy Monico and Sterling Jackson on or about August 1, 1970. On March 2, 1972, an action was filed by plaintiff, by his father and next friend, against the Hamiltons and other parties. On July 31, 1973, a summary judgment, based upon the automobile guest statute, was rendered in favor of the defendants Hamilton. On February 7, 1974, plaintiff, personally rather than by his father and next friend, filed a second amended petition against the Hamiltons, alleging exactly the same cause of action except that the words "and that the said negligence constituted gross negligence" were omitted from the second amended petition. The only other change was the elimination of a specific amount in the prayer for general damages.

While the petition was designated "Second Amended Petition," and was filed in the original action, summonses were issued thereon and served on the defendants. Defendants Hamilton filed a motion to dismiss, alleging res judicata and estoppel by record. The trial court did not reach the issue of res judicata, but sustained the motion to dismiss on the ground that the plaintiff could not revive the action by filing an amended petition holding a new action was required. In this the trial court was in error. The filing of an amended petition in a pending action when summonses are issued thereon and served upon the defendants is, for all in-

tents and purposes, the filing of a new action in that case.

Plaintiff's second amended petition obviously was premised upon the possible unconstitutionality of the guest statute. While there is no need to reach this issue, Botsch v. Reisdorff, *ante* p. 165, 226 N. W. 2d 121, filed February 18, 1975, reaffirmed the constitutionality of our guest statute.

Plaintiff did not appeal from the previous judgment but permitted it to become final. The present action was filed more than 7 months after the previous judgment was entered. The parties are the same. The allegations of negligence are identical. As heretofore noted, the second amended petition was identical with the first one except for the omission of the words alleging that the specific acts of negligence were gross negligence. When the summary judgment was entered the plaintiff's petition was dismissed as to the defendants Hamilton. No appeal having been taken from that judgment, it became final for all purposes. As we said in Norlanco, Inc. v. County of Madison (1970), 186 Neb. 100, 181 N. W. 2d 119: "The judgment of the district court in the former action is final as to every issue there decided and every other issue which could have been decided in the case. This rule of res judicata is grounded on public policy and necessity to end litigation and the hardship imposed on a person by being vexed twice for the same cause."

While the trial court assigned the wrong reason for sustaining plaintiff's motion to dismiss, the motion was properly sustained. A proper judgment will not be reversed because the trial court gave an erroneous reason for its rendition. Houser v. Houser (1965), 178 Neb. 401, 133 N. W. 2d 618. The judgment is affirmed.

AFFIRMED.