DAVE KUHLMAN, APPELLANT, v. EDWARD CARGILE, APPELLEE.

292 N. W. 2d 574

Filed May 20, 1980. No. 42854.

George A. Sommer, for appellant.

Robert M. Brenner, for appellee.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and WARREN and FUHRMAN, District Judges.

WARREN, District Judge.

This is an action by the plaintiff, Dave Kuhlman, to recover the balance due on a promissory note executed by the defendant, Edward A. Cargile, filed in the county court of Scotts Bluff County, Nebraska. The county court entered judgment for plaintiff in the amount of $1,974.28 plus interest and costs. Defendant appealed. After trial de novo on the record, the District Court for Scotts Bluff County, Nebraska, reversed, finding that the action was barred by a judgment previously rendered, and dismissed plaintiff's petition. Plaintiff has appealed. We affirm.

The question presented by the appeal is whether the doctrine of res judicata applies to bar an action at law for the balance due on a promissory note, where the prior adjudication between the parties was an equitable suit seeking to establish a constructive or resulting trust based, in part, upon the note indebtedness.

In the former action, plaintiff had sought, in part, to have a constructive trust declared with respect to the south 140 feet of a lot titled in the name of his prospective bride, one Molly Lind, on which he had

built a home. Plaintiff was successful in that respect. However, that portion of his former suit seeking a resulting trust as to the north 68.7 feet of the lot, owned by the defendant and his wife, Fern L. Cargile, was dismissed after trial on the merits. Plaintiff did not appeal that dismissal, but on appeal by Molly Lind, the judgment against her was affirmed in this court. *Kuhlman v. Cargile*, 200 Neb. 150, 262 N.W.2d 454 (1978). In the former action, the plaintiff, in his amended petition, had alleged several grounds for establishing a resulting trust on the Cargile portion of the lot. He claimed to have improved it by landscaping and by the extension of an underground sprinkler system from his residence onto the adjacent Cargile lot. He further claimed that he had done favors for defendant, had loaned him money, and on September 8, 1969, had sold him a truck, taking a $13,500 promissory note upon which defendant made installment payments, leaving a balance due when the truck was sold on July 8, 1972, of $1,974.28. Plaintiff alleged, and testified in the first trial, that he had credited the $13,500 promissory note with two payments of $335.96 each in consideration of work performed by the defendant in constructing the basement of plaintiff's home. Plaintiff alleged his belief that the defendant would convey the entire building lot to him, as promised, in consideration of past favors and indebtedness then owed to him by defendant. When the defendant and his wife instead quitclaimed the south 140 feet of the lot to Molly Lind on October 17, 1972, plaintiff sued Molly to impose a constructive trust as to the south 140 feet and joined the Cargiles as defendants seeking a resulting trust to the north 68.7 feet of the building lot. Cargile denied that $1,974.28 was owed on the note, claiming additional payments had been made. Evidence was extensively offered and received at the former trial in support of the allegations. All the various contentions were fully liti-

gated. The District Court found generally for the defendants Cargile and dismissed plaintiff's petition as against the Cargiles.

Plaintiff is now attempting, in this action, to maintain an action at law upon the identical $1,974.28 debt which he unsuccessfully pled as one of the grounds for the resulting trust in the former action. The identical promissory note and payment schedule were offered by the plaintiff and received by the court in both actions. The testimony as to credit for work by the defendant was the same in each action. The defendant offered substantially the same evidence as to claimed additional payments in both cases.

Plaintiff claims that he could not have prayed for a money judgment on the note against the defendant in the first action because he brought that action in equity to establish a constructive or resulting trust. The answer to that contention is clearly stated in the opinion of this court affirming the judgment of the District Court in the first appeal.

> It is the general rule that if a court of equity has properly acquired jurisdiction in a suit for equitable relief, it may make complete adjudication of all matters properly presented and involved in the case and grant relief, legal or equitable, as may be required and thus avoid unnecessary litigation.

*Kuhlman v. Cargile, supra* at 156, 262 N.W.2d at 458.

It is evident that the difference in the two actions, with respect to this defendant, was not in the cause of action, but in the remedy sought by the plaintiff. "The conclusiveness of a judicial determination is not affected by the kind of proceeding or form of action in which it was made or by a difference in form or object of the litigation in which the adjudication was made and that in which res judicata is pleaded." *Niklaus v. Phoenix Indemnity Co.*, 166 Neb. 438, 449-50, 89 N.W.2d 258, 265 (1958). See, also, *City*

*of Wayne v. Adams*, 156 Neb. 297, 56 N.W.2d 117 (1952). "Where a judgment on the merits is rendered in favor of the defendant in an action to enforce one of two or more alternative remedies, the plaintiff cannot thereafter maintain an action to enforce another of the remedies." Restatement of Judgments § 65(1) (1942). See comment c. at 273.

The voluminous record shows that the same evidence was offered with respect to the debt on the promissory note in both the former and present actions.

"[T]he general test to determine identity of causes of action is whether the same evidence will sustain both the present and former action, and when it appears that different proof is required, a judgment in one of them is no bar to the other." *Vantage Enterprises, Inc. v. Caldwell*, 196 Neb. 671, 675-76, 244 N.W.2d 678, 681 (1976). In *Vantage*, this court extensively set out the public policy considerations inherent in the doctrine of res judicata. It is based on the premise that the interests of the proper administration of justice are best served by limiting parties to one fair trial of an issue or cause. Defendant has previously successfully defended plaintiff's action to impose a resulting trust on a portion of his real estate. He should not now be required to again defend the same cause of action simply because plaintiff now seeks a money judgment, rather than a resulting trust. The plaintiff should not be allowed to reserve for himself another bite of the apple.

> Any right, fact or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or de-

mand, purpose, or subject-matter of the two suits is the same or not.

*Bank of Mead v. St. Paul Fire and Marine Ins. Co.,* 202 Neb. 403, 406, 275 N.W.2d 822, 824-25 (1979).

The District Court was correct in finding that the plaintiff was barred by the judgment rendered in the former action.

AFFIRMED.