FARMERS STATE BANK OF PLYMOUTH, NEBRASKA, APPELLEE, V.
GERALD L. GERMER ET AL., APPELLANTS.
437 N.W.2d 463

Filed March 24, 1989.   No. 87-628.

Robert R. Gibson, of Professional Legal Associates of Nebraska, P.C., and Jerald W. Kerl for appellants.

John M. Guthery and Gregory H. Perry, of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellee.

BOSLAUGH, WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and HANNON, D.J.

BOSLAUGH, J.

This is an appeal in an action in ejectment brought by the plaintiff, Farmers State Bank, against the defendants, Gerald L. and Eldora E. Germer. At the close of the evidence, the trial court sustained the plaintiff's motion for a directed verdict and rendered judgment for the plaintiff. The defendants have appealed.

The case arises out of a financing transaction which the defendants entered into on December 19, 1984. The defendants operated a farm in Jefferson County, Nebraska, for a number of years and financed their operations through the plaintiff bank. On December 19, 1984, the defendants executed a promissory note in the amount of $282,642.85, payable to the plaintiff, which was secured by a security agreement on their farm equipment and a deed of trust on a quarter section of farmland. The note by its terms was due and payable on December 31, 1985. When the defendants failed to pay the note, the plaintiff demanded return of the equipment pledged under the security agreement and commenced a replevin action on August 7, 1986. On January 15, 1987, the trial court sustained the plaintiff's motion for summary judgment in the replevin action and awarded possession of the property to the plaintiff. Thereafter, the defendants appealed to this court, but the appeal was dismissed on June 2, 1987, pursuant to the stipulation of the parties filed in this court on May 27, 1987.

Pursuant to the terms of the deed of trust, the land described therein was sold by the trustee to the plaintiff on April 22, 1986, and a deed delivered to the plaintiff. This action was commenced September 8, 1986, to recover possession of the property.

In their second amended answer and counterclaim, the defendants alleged that the deed of trust which they executed on December 19, 1984, was void because it had been obtained by the plaintiff through false representations made by the president of the plaintiff concerning the necessity for a real estate mortgage executed by the defendants on January 3, 1984;

through a false promise that the plaintiff would continue to extend a line of credit to the defendants; and through duress, by threatening to foreclose the January 3, 1984, mortgage and a security agreement if the defendants refused to execute the promissory note, deed of trust, and security agreement which they signed on December 19, 1984.

The defendants' first assignment of error is that the trial court erred in granting a partial summary judgment and finding that their defenses were barred under the doctrines of res judicata and collateral estoppel by reason of the judgment in the replevin action.

In the answer and counterclaim which the defendants filed in the replevin case, they alleged the same facts concerning fraud and economic duress as in their second amended answer and counterclaim in this case. In the replevin action, the plaintiff filed a plea in abatement which alleged that before the replevin suit had been commenced, the defendants had filed a complaint in the U.S. Bankruptcy Court as an adversary proceeding against the plaintiff in which the defendants sought the same relief on the same facts, and alleged that the proceeding was then pending in the bankruptcy court. The trial court sustained the plea in abatement and dismissed the defendants' counterclaim without prejudice on December 31, 1986.

Generally, the pendency of a former action for the same cause between the same parties and in the same court constitutes a good plea in abatement. *Miller v. Miller*, 213 Neb. 219, 328 N.W.2d 210 (1982). As a general rule, where a judgment in a prior suit would be a bar to a judgment in the second suit brought in the same or another court of concurrent jurisdiction, the plea in abatement should be sustained. *National Bank of Commerce T. & S. Assn. v. Shull*, 195 Neb. 590, 239 N.W.2d 505 (1976). Where two remedies exist, and the one in whose favor they exist elects to proceed for the enforcement of one and institutes a proceeding therefor, he cannot avail himself of the other while such proceeding is pending. *State, ex rel. Olson, v. Claney*, 97 Neb. 721, 151 N.W. 155 (1915). The main purpose of abating a civil action is to prevent unnecessary or vexatious litigation. *Cahoon v. First Nat. Bank*, 112 Neb. 462, 199 N.W. 830 (1924). The theory of

our civil procedure is to avoid a multiplicity of suits. *State, ex rel. Olson, v. Claney, supra.*

In both their original answer and counterclaim, filed November 18, 1986, and their amended answer, filed February 4, 1987, the defendants sought damages on the basis of the same allegations of fraud and duress made in their answer and counterclaim filed in the replevin action on November 10, 1986, for which they sought damages. On December 31, 1986, the trial court sustained the plaintiff's plea in abatement to the counterclaim filed November 18, 1986, upon the same grounds as the order in the replevin case made the same day.

On April 7, 1987, the trial court sustained a part of the plaintiff's motion to strike by striking the allegations relating to fraud and duress made in the amended answer filed February 4, 1987, and striking that part of the prayer seeking damages for the alleged fraud and duress.

On June 22, 1987, the trial court entered a partial summary judgment finding that the defendants' attempt to plead fraud and economic duress was barred by the judgment in the replevin case under the doctrines of res judicata and collateral estoppel.

A final judgment on the merits in a court of competent jurisdiction is conclusive upon the parties in any litigation involving the same cause of action. *Carroll v. Moore*, 228 Neb. 561, 423 N.W.2d 757 (1988).

A question of fact once litigated on its merits is settled as to the litigants and may not be relitigated directly or collaterally by the litigants or their privies. *Davis Management, Inc. v. Sanitary & Improvement Dist. No. 276*, 204 Neb. 316, 282 N.W.2d 576 (1979).

The conclusiveness of a judicial determination is not affected by the kind of proceeding or form of action in which it was made or by a difference in form or object of the litigation in which the adjudication was made and that in which res judicata is pleaded. *Kuhlman v. Cargile*, 206 Neb. 302, 292 N.W.2d 574 (1980).

Where a judgment on the merits is rendered in favor of one party in an action to enforce one of two or more alternative remedies, the other party cannot thereafter maintain an action to enforce another of the remedies. *Kuhlman v. Cargile, supra.*

Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies, whether the claim or demand, purpose, or subject matter of the two suits is the same or not. *Kuhlman v. Cargile, supra.*

The doctrine of res judicata applies when the same cause of action is sought to be litigated a second time. Whether the subsequent suit alleges the same cause of action as the prior suit is determined by whether the right sought to be vindicated rests upon the same operative facts. If so, the same cause of action has been alleged, even if different theories of recovery are relied upon. *Graham v. Waggener*, 219 Neb. 907, 367 N.W.2d 707 (1985).

Res judicata rests upon the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. *Graham v. Waggener, supra.*

The judgment of the district court in a former action is final as to every issue there decided and every other issue which could have been decided in the case. This rule of res judicata is grounded on public policy and necessity to end litigation and the hardship imposed on a person by being vexed twice for the same cause. *Caradori v. Hamilton*, 193 Neb. 500, 227 N.W.2d 850 (1975).

A judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. *Coon v. O'Brien*, 107 Neb. 427, 186 N.W. 340 (1922).

The security agreement which was the basis for the replevin action and the deed of trust which is the basis for the plaintiff's title in this case were all part of one transaction, the financing transaction which the defendants entered into on December 19, 1984. If the deed of trust was void because of fraud and duress, as alleged in this case, then the security agreement involved in the replevin case was void for the same reason. The validity of the security agreement was established in the replevin case, and

the judgment in that case bars the defendants from attempting to litigate the validity of the deed of trust in this case upon the same grounds alleged in the replevin case.

Determination of the same issues between the same parties in different courts is unnecessary and vexatious. *Cahoon v. First Nat. Bank*, 112 Neb. 462, 199 N.W. 830 (1924).

Regardless of how the defendants attempt to describe or categorize their allegations in this case, the fact is that they attempt to succeed on the same basic facts that were alleged in the replevin case. The doctrine of res judicata is applicable to defenses, setoffs, and counterclaims, and an issue alleged as a defense and adjudicated in a prior action may not be interposed in a subsequent action as a cause of action or defense. *Simmons v. Mutual Benefit Health & Acc. Assn.*, 186 Neb. 26, 180 N.W.2d 672 (1970). The defendants' first assignment of error is without merit.

The second assignment of error relates to the plaintiff's motion for a directed verdict, which was sustained at the close of the evidence. As the trial court found, there was no dispute concerning any of the facts necessary for the plaintiff to succeed. The plaintiff had established that it had title to the land, that the defendants were in possession, and that they refused to surrender possession to the plaintiff. The plaintiff was entitled to a directed verdict, and there was no error in sustaining the plaintiff's motion.

The judgment is affirmed.

AFFIRMED.

HANNON, D.J., dissenting.

I respectfully dissent. Before the judgment in the replevin action was entered, the allegations of the affirmative defense and counterclaim that were founded upon fraud and economic duress were dismissed without prejudice, because these issues were then being litigated in an adversary proceeding in defendants' bankruptcy. I am of the opinion that the following from 46 Am. Jur. 2d *Judgments* § 490 (1969) is the correct rule:

> The general rule that a judgment "without prejudice" does not operate as res judicata applies to a judgment rendered without prejudice to the rights of the defendant. Such a judgment shows that the merits of affirmative

matter set up by the defendant have not been determined, and that the defendant accordingly may adjudicate such matter in a subsequent action brought by him. This is true as to a judgment dismissing a cause as to one of the defendants "without prejudice" to the rights of such defendant against any of the other parties to the action. The rule also applies where the defendant interposes a counterclaim and a judgment is rendered in favor of the plaintiff "without prejudice" to the counterclaim asserted by the defendant. With respect to such matters, the defendant stands, in all respects, as if he had never been a party to the action.

The plaintiff made no showing that the issues of fraud and economic duress were actually litigated by a bankruptcy court, and the defendants have thus been denied a right to litigate these issues.