# CASES DETERMINED

# January Term, 1913.

HOME INVESTMENT COMPANY, Appellant, vs. EMERSON and
another, Respondents.

*February 18—March 11, 1913.*

*Deeds: Tax titles: Quitclaim by owner after judgment foreclosing
tax deed: Subsequent setting aside of judgment and discon-
tinuance of action: Collateral attack: Quieting title: Limita-
tion of actions: Statutes construed: "Defendant."*

1. A quitclaim deed in this state is equivalent, at least for the
purpose of conveying the title of the grantor, to a deed of bar-
gain and sale.

2. A quitclaim deed executed by the original owner of land after
entry of a default judgment against him in an action to fore-
close a tax deed, operated to convey the full title, where the
tax deed was in fact invalid and said judgment was after-
wards set aside and the action discontinued.

3. An order in the foreclosure action setting aside the judgment
and allowing the defendant to answer and contest the case is
not open to collateral attack in a subsequent action to quiet
title brought by said defendant's grantee.

4. Although said defendant, the original owner, had conveyed the
land before applying to have the foreclosure judgment vacated,
he might still, under sec. 2801, Stats., be permitted to answer
and defend in that action.

5. Under sec. 4250, Stats., a tax deed was not protected by the
statute of limitations where, although more than three years
had elapsed from the time of its being recorded, an action for
its foreclosure was at issue and pending during the greater
part of that time and was afterwards discontinued.

6. Said sec. 4250 relates to any defense which might also serve as
a cause of action, hence is applicable in cases of contested title.

7. Although literally said sec. 4250 might appear to be personal to
"a defendant," yet, since it is a remedial statute and should
be construed liberally, one who was not named as a defendant
in an action to foreclose a tax deed, but purchased the land after
*lis pendens* filed and was therefore bound by the proceedings "to
the same extent and in the same manner as if . . . a party
thereto," is entitled to the remedies afforded by the statute.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

*Albert S. Larson,* for the appellant.

*J. W. Hicks,* for the respondents.

TIMLIN, J. In this suit to quiet title as against one tax deed recorded on June 15, 1900, one recorded on August 15, 1901, one recorded on August 21, 1901, and one recorded on December 19, 1902, all in the register's office of the proper county and all of which are conceded on the argument to have been vulnerable to attack and void unless protected by the statute of limitations, the learned circuit court rendered judgment for the defendant, resting said judgment upon a conclusion of law that the original or patent title to said lands had never been acquired by the plaintiff. This conclusion of law was thought to follow from the following facts, namely: (2) one Samuel L. Prentiss became the owner of the patent title in 1897; (3) June 14, 1900, a tax deed on said land was issued to D. J. Kinne; (4) December 1, 1900, D. J. Kinne commenced an action in the circuit court for the proper county to foreclose said tax deed, and on September 20, 1901, judgment in said action was rendered in favor of said D. J. Kinne, the tax-title holder, and against Samuel L. Prentiss, decreeing that the former was the owner in fee simple of the lands in question and that the latter and his wife and Ashland county and all persons claiming under them, or any or either of them, after the filing of the notice of pendency of the action, were barred and foreclosed of all right, title, interest, and claim in and to the lands in question; (5) on October 11, 1901, Prentiss and wife made and executed a quitclaim deed of said lands to the plaintiff; (6) on December 23, 1901, on the application of Samuel L. Prentiss, the said judgment was set aside and Prentiss and wife permitted to answer; (7) on September 21, 1903, the action mentioned was discontinued by the plaintiff therein; (8) the lands are vacant and unoccupied.

The ruling of the court below was that, because this quitclaim deed was executed after the judgment rendered and before that judgment was vacated, such quitclaim deed conveyed no title to plaintiff, for at that time Samuel L. Prentiss had no title to the land.

A quitclaim deed in this state is equivalent, at least for the purpose of conveying the title of the grantor, to a deed of bargain and sale.   Sec. 2207, Stats.   The interest which Samuel L. Prentiss had in the land in suit was the full legal title in case the tax deed was invalid, but nothing if the tax deed was valid.   After the default judgment was entered against him in the tax-deed foreclosure, this interest continued so long as he had a right to vacate that judgment, answer, and defeat the tax deed or be defeated thereby.   After the entry of judgment this interest, it is true, was subject to the further burden of showing good cause in order to entitle him to answer and contest the case.   The order allowing him to come in and defend is not subject to collateral attack in this suit and is conclusive that he had such good cause.   The evidence, with the concession of respondents' counsel, is conclusive that at that time, before any statute of limitations had barred attack upon the tax deed, this deed was invalid.   So we have the case of the owner of the patent title to land clouded by an apparently valid but really invalid outstanding tax deed who conveys the land by quitclaim deed.   After he conveyed the land by quitclaim deed he made application to the court to be allowed to appear and answer in the tax-deed foreclosure suit. The court could well have permitted this had the fact of conveyance to the plaintiff been disclosed, for we have a statute providing:

"In case of a transfer of interest or devolution of liability the action may be continued by or against the original party, or the court may direct the person to whom the interest is transferred or upon whom the liability is devolved to be substituted in the action or joined with the original party, as the case requires."   Sec. 2801.

No rights which existed to defend against the tax-deed fore-
closure would be impaired by this transfer of title, provided
application for permission to defend was timely made and for
good cause.    The judgment rendered upon default in a case
where service was obtained by publication left such judgment,
by force of statute, subject to the right of the defendant Pren-
tiss to come in upon good cause shown and interpose his an-
swer and defend the action at any time within one year
after actual notice thereof and within three years after its
rendition.    Sec. 2833, Stats.    He did this within about three
months after the entry of judgment.    At the time he executed
the quitclaim deed he possessed this right to appear in the ac-
tion of foreclosure and also an interest in the land contingent
upon his defeating the tax deed.    He had in law the same in-
terest during the statutory period allowed for attack on this
judgment that any holder of the patent title has in the land
conveyed by tax deed, except that here he had the additional
burden of showing good cause for not appearing sooner in the
action.    If the tax deed were valid his title was gone.    If
the tax deed were invalid his title was complete and unim-
paired although incumbered by the lien of the unpaid taxes.
As we have seen, the tax deed was then invalid, consequently
the whole legal and beneficial title passed to the plaintiff
grantee in the quitclaim deed.

2. The instant case was begun before any statutes of limi-
tations had barred an attack upon any of the tax deeds unless
it be the first one.    As to that tax deed, more than three years
had elapsed from the date of recording when this suit was
begun.    But during the greater part of that time the said ac-
tion for foreclosure was at issue and pending, and, as we have
seen, that action was discontinued by the plaintiff, the tax-
title claimant.    This brings that tax deed within the pur-
view of sec. 4250, Stats., which provides that under such cir-
cumstances the time that intervened between the commence-
ment and termination of such action shall not be deemed a

part of the time limited for the commencement of an action by the defendant to recover for the cause of action so interposed as a defense, etc.   This statute relates to any defense which might also serve as a cause of action, hence is applicable in cases of contested title.   Literally the statute might appear to be personal to a "defendant," and here the plaintiff was not named as a defendant in the so-called tax-deed foreclosure suit, but came in as a purchaser of the land involved in the litigation after *lis pendens* filed.   Sec. 3187.   It was therefore bound by the proceedings in the tax-deed foreclosure action "to the same extent and in the same manner as if [it] were a party thereto."   Id.   Sec. 4250, *supra,* is a remedial statute and not to receive a narrow or literal construction.   One in the situation of appellant as here disclosed is entitled to the remedies afforded by such a statute. . The first tax deed was therefore also not protected from attack by the statute of limitations.   The judgment of the circuit court must therefore be reversed.

*By the Court.*—Judgment reversed, with costs, and the cause remanded with directions to enter judgment for the plaintiff subject to the provisions of sec. 1210*h,* Stats., and for that purpose to take such evidence as may be necessary.