St. Croix Consolidated Copper Company, Respondent,
vs. Guaranteed Investment Company and another,
Appellants. ·

*December 5, 1917—January 5, 1918.*

*Tax titles: Limitation of actions: Defense available in second action
after dismissal of first.*

A few days after the issuance of a tax deed the prior owner of the
land brought ejectment against the grantee, alleging possession
of the land (which was wild and unoccupied) to be in defendant
by virtue of the recording of the tax deed. Defendant answered
setting up the tax deed in defense. Afterwards, within a year,
plaintiff built a cabin on the land and continued to occupy it
thereafter. Nearly four years after its commencement plaintiff
dismissed the ejectment action, which had not been brought to
trial, and thereupon began an action to quiet title. Defendant
had then conveyed its interest in the land, and its grantee was
made a defendant in the new action. *Held*, that under sec.
4250, Stats. 1915, the statute of limitations had not barred an
action or defense based on the tax deed, and that such defense
was available, in the action to quiet title, to the grantee of the
original defendant.

Appeal from a judgment of the circuit court for Douglas
county: Frank A. Ross, Circuit Judge. *Reversed.*

Action to quiet title to forty acres of land the title to which
was in plaintiff prior to the issuance of a tax deed under
which defendants claim title. Such tax deed was issued to
the defendant *Guaranteed Investment Company* June 11,
1912, and recorded on said date, at which time the land was
wild and unoccupied. Seventeen days later plaintiff began
an action of ejectment against the grantee in the tax deed,
alleging possession of the land to be in defendant by virtue
of the recording of the tax deed. The defendant answered,
setting up its tax deed as a defense. While such action was
pending plaintiff built a cabin upon the land and occupied it
to some extent during 1913 and 1914. There is also evi-

dence of further occupancy each year down to the time of the trial of this action.

May 29, 1915, a second tax deed was issued to the defendant the *Guaranteed Investment Company,* based upon the tax sale of 1912 for the taxes of 1911. April 28, 1916, the plaintiff, without notice to the defendant *Guaranteed Investment Company,* dismissed its ejectment action "without prejudice to bringing a different character of action," and three days later a notice of such dismissal, together with a copy of the summons and complaint in this action, were served upon the defendant *Guaranteed Investment Company,* which on April 28, 1916, had by a quitclaim deed recorded May 2, 1916, conveyed its interest in the land to the defendant *Marshall E. Doolittle,* who was later made a party defendant herein. In addition to the above facts the court found that plaintiff, from the latter part of March, 1913, to the time of the trial of the action, had been in open, notorious, and actual possession of the land and had never abandoned the same. As conclusions of law the court held that the first tax deed was void because plaintiff was in the actual possession of the land during the period of three years next after the recording of said deed, and that the second tax deed was void because no notice of the taking thereof was served upon the occupant of the land. From a judgment quieting title in plaintiff the defendants appealed.

The cause was submitted for the appellants on the brief of *L. A. Doolittle* of Eau Claire, and for the respondent on that of *E. A. Arnold,* attorney, and *Dietrich & Dietrich,* of counsel, all of Superior.

VINJE, J. Defendants claim, *inter alia,* that the statute of limitations has not run on their first tax deed because of the commencement, pendency, and dismissal of plaintiff's ejectment action. Such action was begun June 28, 1912, seventeen days after the recording of the tax deed, and was

not dismissed until April 28, 1916. When it was begun, the statute of limitations had not run on defendant's tax deed and it was pleaded as a defense therein. No adjudication as to the merit of that defense has ever been made, because the first action was dismissed by plaintiff and the court held that it could not be inquired into in this action because the statute of limitations had run upon the tax·deed. Sec. 4250, Stats. 1915, was enacted to cover just such a situation as is here presented, and to prevent a plaintiff from getting rid of a defense by permitting the action wherein it is pleaded to remain untried until the statute of limitations has run on it and then dismiss the action. Such section reads:

"When a defendant in an action has interposed an answer as a defense, setoff or counterclaim upon which he would be entitled to rely in such action the remedy upon which, at the time of the commencement of such action, was not barred by law, and such complaint is dismissed or the action is discontinued the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action by the defendant to recover for the cause of action so interposed as a defense, setoff or counterclaim."

In *Home Inv. Co. v. Emerson,* 153 Wis. 1, 140 N. W. 283, it was held that the section was applicable to cases of contested titles; that it was a remedial statute entitled to a liberal construction in furtherance of its object; and that though in terms limited to a "defendant" it applied to one who purchased the premises, whose title was in dispute after the commencement of the action. The defendant *Marshall Doolittle,* who purchased the land after the ejectment action was begun, though not a defendant therein, is therefore entitled to invoke the aid of the statute. Since it permits the defense relied upon to constitute a cause of action in favor of the defendant, it must perforce permit it to be set up as a defense in a second action involving the same subject matter, though it is not so specifically stated. If it did not, its beneficent

effect could always be frustrated by a dismissal without prejudice and suing over again.    It follows that the court erred in holding that the statute of limitations had run on the first tax deed.    Its validity should have been adjudicated, because the statute did not run upon it from the 28th day of June, 1912, to the time of the dismissal of the ejectment action on April 28, 1916.    This disposition of the case renders it unnecessary to pass upon the alleged error in the taxation of costs in the court below.

: *By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.