MILLER, Respondent, vs. JOANNES, Appellant.

*October 8—November 5, 1952.*

For the appellant there was a brief by *Bloodgood & Passmore* and *John P. Roemer,* all of Milwaukee, and *Welsh, Trowbridge, Wilmer & Bills* of Green Bay, and oral argument by *Mr. Alex Wilmer* and *Mr. Roemer.*

For the respondent there was a brief by *Whyte, Hirschboeck & Minahan,* attorneys, and *Roger C. Minahan* of counsel, all of Milwaukee, and oral argument by *Roger C. Minahan.*

BROADFOOT, J. In October, 1931, the plaintiff and the defendant entered into a written agreement by the terms of which the defendant agreed to purchase stock in two Green Bay corporations for the sum of $26,000. The stock was delivered by the plaintiff to the defendant and $19,000 of said sum has been paid. The fourteen notes sued upon in this action were given for the balance. In 1936 the defendant commenced an action against the plaintiff and others involving the notes upon which the present action is based and involving many other disputes and items. Upon appeal this court directed the entry of a summary judgment dismissing the complaint therein. *Joannes v. Rahr Green Bay Brewing Corp.* 257 Wis. 139, 42 N. W. (2d) 479. The facts stated in that opinion will not be repeated herein. It is sufficient to quote the following excerpts from the complaint in that action:

"*Nineteenth*:—That this plaintiff is in no way or manner now indebted to the defendant, Miller, in any sum or amount whatsoever. . . .

"Wherefore, . . . this plaintiff demands judgment that an account may be taken of the amount due said defendant, Miller, and that upon the payment by the plaintiff of the

amount so found due, if any, . . . any and all notes and evidences of indebtedness held by said defendants or either of them be canceled and turned back to this plaintiff, . . ."

Among other allegations the answer contained the following:

". . . that the said H. R. Joannes wholly failed to pay the obligations he assumed under the provisions of the contract of October 26, 1931, and that the said Fred Miller became liable through his connections with the Neugent Products Company and the Neugent Garment Company to the extent of thousands of dollars, which, by the terms of that agreement, H. R. Joannes has wholly failed to pay, and that defendant Fred Miller believes he is insolvent, without any assets."

It was the contention of the plaintiff before the trial court, and also before this court, that the issue of the indebtedness of Joannes to Miller under the 1931 contract, and as evidenced by the notes, was an issue raised by the pleadings in the former action and that because of the provisions of sec. 330.49, Stats., the statute of limitations was tolled.

It is the contention of the defendant that Miller's answer in the 1936 action was insufficient to toll the statute of limitations on the notes. Our attention is first directed to the provisions of sec. 260.08, Stats., which reads as follows:

"The distinction between actions at law and suits in equity, and the forms of all such actions and suits, have been abolished and there is but one form of action for the enforcement or protection of private rights and the redress or prevention of private wrongs, which is denominated a civil action. . . ."

It is then contended that the sufficiency of Miller's answer in the 1936 action must be determined by statutory rules of pleading, and since Miller's answer in that action did not plead the indebtedness under the contract and the notes as a counterclaim it was not sufficient to toll the statute of limitations.

It is apparent that the defendant's entire argument is based upon a faulty major premise. The provisions of sec. 260.08, Stats., have been in effect in essentially the same language since the adoption of the code in 1857 and it has been consistently held by this court that in abolishing distinctions between the forms of actions the code has not abolished the essential differences between them or between actions for legal and those for equitable relief. *Bonesteel v. Bonesteel,* 28 Wis. 245; *Deery v. McClintock,* 31 Wis. 195; *Milwaukee L., H. & T. Co. v. Ela Co.* 142 Wis. 424, 125 N. W. 903; *Zlindra v. Zlindra,* 252 Wis. 606, 32 N. W. (2d) 656.

The issue in the 1936 action between the parties in which we are interested was in effect an equitable action for an accounting. In such an action the rule that affirmative relief will not be granted to a defendant unless he demands the same by setoff or counterclaim does not apply. In such an action the complaint implies an offer by the plaintiff to pay any balance that may be found due the defendant. The complaint itself raises the issue.

"But to have the advantage of any balance that may ultimately be found in defendant's favor, he has nothing to plead, and need not file a cross bill, setoff, or counterclaim. Indeed, it is not only unnecessary, but improper, to plead any items that may be presented and determined on settlement of the account, unless they furnish a reason why an accounting should not be had." 1 C. J. S., Accounting, p. 674, sec. 38 (3).

Although Miller did not interpose a setoff or counterclaim in his answer in the 1936 action he did, by way of defense, include therein the allegation quoted above.

In *Home Investment Co. v. Emerson,* 153 Wis. 1, 140 N. W. 283, it was held that sec. 330.49, Stats., should be liberally construed to effect the purpose intended.

The sole question in this case might be stated as follows: While the 1936 action between the parties was pending, had

Miller commenced a separate action against Joannes to recover upon the notes, would that action have been dismissed upon a plea in abatement or upon a demurrer to the complaint under the provisions of sec. 263.06 (3), Stats.? That question must be answered in the affirmative. It follows that the demurrer to the complaint in the present action was properly overruled.

*By the Court.*—Order affirmed.