DENNIS D. BEAVERS ET AL., APPELLEES, V.
DONALD D. GRAHAM, APPELLANT,
PHILLIP R. REIFF ET AL., APPELLEES.

308 N.W.2d 826

Filed July 31, 1981.   No. 43229.

Monte Taylor of Taylor, Hornstein & Peters for appellant.

Lawrence I. Batt of Garber & Batt for appellees.

Heard before BOSLAUGH, MCCOWN, and CLINTON, JJ., and VAN PELT and MARTIN, District Judges.

MARTIN, District Judge.

The plaintiffs, an investment group, brought an action in equity against defendant Donald D. Graham, an investment agent, who held and voted the stock owned by the group, alleging Graham used their funds without authorization, mismanaged the investment, and breached his fiduciary capacity. The trial court entered an order appointing a referee to hold hearings and submit a report on the accounting issue and the question of whether or not a receiver should be appointed. In the report subsequently filed by the referee, Graham was found to owe certain sums on the accounting issue, and the referee recommended no receiver should be appointed. Plaintiffs filed a motion

to adopt the report in part, and excepted to it in part. Defendant Graham filed exceptions to the report as a whole.

A hearing was held on the referee's report on July 12, 1979, and the matter was taken under advisement by the District Court. On September 24, 1979, the referee filed a supplementary report which recommended that Graham be removed as agent for plaintiffs' investment group, reversed his recommendation as to the appointment of a receiver, and made adjustments in the accounting matters.

Defendant Graham excepted to the supplementary report. Plaintiffs again moved to adopt the supplementary report in part, and excepted to it in part.

On November 19, 1979, the District Court held a hearing on the referee's supplementary report and ruled at that time that both the original and the supplementary reports would be adopted in toto. It issued its order on January 22, 1980, removing Graham as agent, appointing a receiver, directing Graham to deliver the assets of plaintiffs to the receiver, and entered judgment against Graham in favor of the individual plaintiffs, as determined by the referee.

Graham moved for a new trial, which was overruled, and on January 31, 1980, filed a notice of appeal to this court.

On February 1, 1980, the District Court held a hearing on plaintiffs' motion for partial summary judgment and judgment on the referee's report as supplemented, which motion was filed January 10, 1980. The motion of the plaintiffs was granted, and on February 8, 1980, an order was entered for partial summary judgment. Defendant Graham then moved for a new trial. The motion was overruled and the defendant filed a supplementary notice of appeal on February 27, 1980.

The assignments of error raised here which require consideration are: (1) Whether or not the District Court erred in adopting the referee's supplementary report; and (2) Was the court without jurisdiction to enter its

order of partial summary judgment after the defendant filed his notice of appeal from the order of January 22, 1980.

The court order appointing a referee was well within the purview of Neb. Rev. Stat. §§ 25-1129 et seq. (Reissue 1979). Defendant Graham argues that the supplementary report of the referee went beyond the original order of appointment. The argument is that the referee was to initiate hearings with regard to the issue of receivership and the issue of accounting, and that because, in his supplementary report, the referee recommended removal of the defendant as agent and the appointment of a receiver, which he had not recommended in the original report, the referee exceeded his authority.

The question of Graham's agency is part and parcel of plaintiffs' case and, we feel, falls within the issue of receivership and was well within the authority originally granted the referee. The argument that his authority was terminated at the time the original report was filed is inconsequential. The report and the supplementary report were not adopted until November 19, 1979, and only after hearings had been held on both reports. The reports when filed had no effect until confirmed by the court. *Citizens Bank of Humphrey v. Stockslager*, 1 Neb. (Unoff.) 799, 96 N.W. 591 (1901).

In this instance the referee's filing of a supplementary report was well within the discretion of the District Court.

A careful reading of the court order of January 22, 1980, and the one signed February 8, 1980, shows very little material differences except that the latter corrects the number of shares involved from 12,000 to 12,900, denies any future compensation for services on behalf of the investment group to defendant Graham, and in slightly different language implements the order of January 22. The legal question involved here concerning the order after appeal has been ruled upon by this court on many occasions and needs no further

clarification in our opinion. The judgment on plaintiffs' motion for summary judgment entered February 8, 1980, was in error and should not have been entered. Neb. Rev. Stat. § 25-1912 (Reissue 1979); *State v. Allen*, 195 Neb. 560, 239 N.W.2d 272 (1976). However, since this is an appeal in an equity action, our duty is to try the issues of fact de novo upon the record. *Schupack v. McDonald's System, Inc.*, 200 Neb. 485, 264 N.W.2d 827 (1978). Our independent review of the record leads us to the conclusion that judgment should be entered for the plaintiffs and against the defendant Donald D. Graham in accordance with the order of the District Court of January 22, 1980, as supplemented by its order of February 8, 1980.

AFFIRMED.

MCCOWN, J., concurs in result.