DONALD D. GRAHAM, APPELLANT, V. RONALD E. WAGGENER ET AL., APPELLEES.

367 N.W.2d 707

Filed May 10, 1985.   No. 84-635.

Monte Taylor of Taylor, Hornstein, Peters & Kluver, and J. Patrick Green, for appellant.

Lawrence I. Batt and Thomas P. Kenny of Batt & Brodkey, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Donald D. Graham, plaintiff-appellant, seeks to recover a contractual fee from certain investors, the defendants-appellees. The district court, finding that the issues raised by Graham's petition had been fully litigated and decided both by the trial court and this court, sustained the investors' motion for summary judgment, thereby dismissing Graham's petition. Graham appeals, assigning as error, in summary, the trial court's conclusion that he is precluded from maintaining this suit. We affirm and award the investors an attorney fee.

In 1974 Graham organized an investment group whereby the individual investors combined their money to purchase a block of stock in Freezer Services, Inc. Graham undertook to act as agent for the investment group and to provide them a variety of services. The various investors signed a letter agreement which provided that Graham was to be paid a percentage of all future dividends paid to the group on the Freezer Services, Inc., stock, together with a percentage of each investor's profit on his investment.

In 1978 certain of the investors filed a lawsuit against Graham and named the nonplaintiff investors as defendants. That litigation ultimately found its way to this court as *Beavers v. Graham*, 209 Neb. 556, 308 N.W.2d 826 (1981) (*Beavers I*). The suit sought, among other things, the removal of Graham as the group's agent, and an accounting. We adopted the trial court's orders and thereby mandated the removal of Graham as the investment group's agent, adjudicated the amount due him, and further decreed that he receive no future compensation. Graham's motion for rehearing was denied by this court on September 16, 1981.

After this court's decision the investors found it necessary to obtain from the trial court an order requiring Graham to comply with the *Beavers I* mandate so as to prevent him from interfering with their voting rights. Graham's appeal of that

order to this court resulted in its dismissal, without a published opinion, as frivolous. *Beavers v. Graham*, No. 81-861 (Feb. 2, 1982).

The investors then sold their stock in Freezer Services, Inc. Graham thereafter filed the present suit. Graham's petition does not refer to the prior suits, but does mention that he "has thus far been paid [a sum] per investment unit in partial payment of" his fee, and seeks to credit the investors with that payment.

Graham argues that neither the doctrine of res judicata nor that of collateral estoppel applies so as to preclude the maintenance of this present suit. The central thesis of his argument is that as he made no counterclaim for compensation in *Beavers I*, that issue has neither been fully litigated nor adjudicated.

That thesis overlooks several important facts. The first is that *Beavers I* removed Graham as the investment group's agent, thereby terminating his relationship with the investors. That event, coupled with the fact that *Beavers I* sought an accounting, necessarily means that the issue of compensation was addressed. As observed by Graham, there is authority which holds that as an accounting is by its very nature the setting off of credits and debits, affirmative relief may be granted a defendant whether he seeks it or not. *Miller v. Joannes*, 262 Wis. 425, 55 N.W.2d 375 (1952). Moreover, a review of the brief filed by Graham in *Beavers I* reveals that he did in fact address the issue of compensation. Graham's sixth assignment of error read: "The court erred in ordering that the defendant shall not be entitled to receive future compensation for his services on behalf of the investment group." Finally, and most importantly, *Beavers I* unambiguously denies Graham "any future compensation for services on behalf of the investment group . . . ." 209 Neb. at 558, 308 N.W.2d at 828.

The doctrine of res judicata applies when the same cause of action is sought to be litigated a second time. Whether the subsequent suit alleges the same cause of action as the prior suit is determined by whether the right sought to be vindicated rests upon the same operative facts. If so, the same cause of action has been alleged, even if different theories of recovery are relied

upon. The doctrine rests upon the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. *Simpson v. City of North Platte*, 215 Neb. 351, 338 N.W.2d 450 (1983).

The adjudication by this court in *Beavers I* was a final judgment on the merits by a court of competent jurisdiction, all the parties in the present action were parties in *Beavers I*, and the cause of action in the present action is the same as that in *Beavers I*. Ergo, the doctrine of res judicata bars the present action.

Having so determined, it is unnecessary to consider whether the doctrine of collateral estoppel applies as well.

As there exists no genuine issue of material fact and the investors are entitled to judgment as a matter of law, the trial court correctly dismissed Graham's action by sustaining the investors' motion for summary judgment. *Yankton Prod. Credit Assn. v. Larsen, ante* p. 610, 365 N.W.2d 430 (1985).

We must now address the investors' request for an attorney fee for the services of counsel in this court.

The present suit was commenced in the district court on September 23, 1983. As of August 26, 1983, Neb. Rev. Stat. § 25-824 (Cum. Supp. 1984) was amended to provide as follows:

A pleading shall not be used against a party in any criminal prosecution or action or proceeding for a penalty or forfeiture, as proof of a fact admitted or alleged in such pleading. Allegations or denials which are frivolous or made in bad faith shall subject the party or attorney pleading the same to the payment of such reasonable expenses, including reasonable attorney's fees, to be taxed by the court, as may have been necessarily incurred by the other party by reason of such pleading. If a pleading is frivolous or made in bad faith, it may be stricken. The signature of a party or of an attorney on a pleading constitutes a certificate by him or her that he or she has read the pleading; that to the best of his or her knowledge, information, and belief there is good ground for the filing of the pleading; and that it is not interposed for delay.

The cleverly crafted, but nonetheless disingenuous, argument presented to us by Graham in this case does not conquer the overriding fact that he, and his attorneys, simply chose to ignore a fully binding adverse final judgment. While Graham was certainly entitled to an adjudication of his rights, a proliferation of actions in which the same issues are raised is not proper and will not be tolerated. *Stones v. Plattsmouth Airport Authority*, 193 Neb. 552, 228 N.W.2d 129 (1975). See, also, *Cedars Corp. v. Sun Valley Development Co.*, 213 Neb. 622, 330 N.W.2d 900 (1983). Such a tactic engenders disrespect for law and justice and unnecessarily adds to the caseload of an already overburdened judicial system.

Accordingly, we award the investors the sum of $1,000 to apply toward the services of their attorneys in this court, and tax the same to Graham. But for the fact that the amendment to § 25-824 permitting the assessment of reasonable expenses, including attorney fees, to attorneys is new, a portion of the attorney fee awarded to the investors would have been taxed to Graham's attorneys. This provides due warning for the future.

AFFIRMED.